

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KERRI A. DEVINE**
phone: (212)356-2214
cell: (646)629-3118
fax: (212)356-2019
email: kdevine@law.nyc.gov

May 4, 2020

**By ECF**
Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Centre Street
New York, New York 10007

    Re: Taveras v. City of New York et. al., 20 CV 1200

Your Honor:

  This office represents the defendants in the above-referenced matter. In accordance with Section 4(A) of Your Honor's Individual Rules, defendants respectfully request a pre-motion conference to discuss defendants' anticipated motion to dismiss pursuant to FRCP 12(b)(6). Plaintiff consents to defendants filing a motion to dismiss. Furthermore, should a pre-motion conference be required, and if the Court is amenable, all parties consent to such conference being held by telephone or other remote means acceptable to the Court.

  Plaintiff claims that the laws and rules with respect to the licensing of rifles and shotguns in New York City violate the Second Amendment, due process of law, and are preempted by State law. Defendants intend to move to dismiss the Amended Complaint due to plaintiff's failure to state a claim.

**Facts**

  Plaintiff's application for a rifle/shotgun license ("Application") was denied by the New York City Police Department's License Division, after an administrative appeal, in November 2018. The basis for the denial was the fact that plaintiff had been named as the perpetrator in two separate domestic violence incidents, resulting in him being arrested and charged with assault in the 3rd degree with intent to cause physical injury and harassment, and two orders of protections being issued.

**Applicable Law**

  The New York State Penal Law ("Penal Law") provides for the licensing of firearms in New York State. See Penal Law § 400.00 et seq. The Penal Law neither defines rifles and shotguns as firearms, nor provides for their licensing See Penal Law §§ 265.00 (3), (11), (12), and 400.00 et seq. New York City, however, does provide for the licensing of rifles and shotguns. See Administrative Code ("Admin. Code") § 10-303. Similar to the Penal Law's

requirements for obtaining a firearms license, the Admin. Code requires that to obtain a rifle or shotgun license, an applicant must, inter alia, be of good moral character and that no good cause exists for the denial of the license. See Admin. Code §§ 10-303(a)(2), (9). Title 38 of the Rules of the City of New York ("RCNY") § 3-03 sets forth the criteria to consider when determining whether an applicant is of good moral character or if good cause exists for the denial of the application for a rifle or shotgun license. 38 RCNY §§ 3-03 (f) and (g) provide for consideration of whether the applicant is the subject of an order of protection or a temporary order of protection or has a history of one or more incidents of domestic violence. The RCNY applies the same criteria when determining whether an applicant for a handgun has good moral character or whether there is good cause for denial of the license. See 38 RCNY §§ 5-10(f), (g).

**Plaintiff Fails to Plead a Plausible Second Amendment Claim**

Plaintiff's claim that his Second Amendment rights have been violated rests entirely on the faulty argument that the challenged provisions substantially burden plaintiff's Second Amendment right to possess a rifle and/or shotgun and are therefore subject to a strict scrutiny analysis. Plaintiff's reliance on this argument is fatal to his Second Amendment claim.

Assuming *arguendo*, that the challenged provisions impinge on conduct protected by the Second Amendment, the applicable level of scrutiny is intermediate scrutiny.  The challenged provisions merely regulate the possession of rifles and shotguns in New York City; they do not present a total ban. It is well settled in the Second Circuit and others that intermediate scrutiny is the appropriate level of review for statutes or laws that may restrict the possession of weapons, even in the home. See e.g., Kwong v. Bloomberg, 723 F.3d 160, 167-68 (2d Cir. 2013) (applying intermediate scrutiny to fee governing New York City premises residence licenses); Kachalsky v. Co. of Westchester, 701 F.3d 81, 96 (2d Cir. 2012) (applying intermediate scrutiny to New York's "proper cause" requirement for carry licenses); U.S. v. Reese, 627 F.3d 792, 800 (10th Cir. 2010), cert. denied, 131 S. Ct. 2476 (2011) (applying intermediate scrutiny to statute prohibiting gun possession – even in the home – for those who have an outstanding order of protection [as opposed to a criminal conviction] on the basis that the challenged law "applies only to a narrow class of persons who, based on their past behavior, are more likely to engage in domestic violence."). Accordingly, as plaintiff incorrectly relies on the strict scrutiny standard and fails to even allege that the challenged provisions do not satisfy intermediate scrutiny, his Second Amendment claim must be dismissed for failure to state a claim.

The challenged provisions easily satisfy the intermediate scrutiny standard, under which a Court considers whether the statute at issue is substantially related to the achievement of an important governmental interest. See, e.g., N.Y. State Rifle & Pistol Ass'n v. Cuomo, 804 F.3d, 261. With regard to licensing firearms, the Second Circuit has held that "New York has substantial, indeed compelling, governmental interests in public safety and crime prevention." Kachalsky, 701 F.3d at 97 (citations omitted). Even more significantly, Courts have recognized the link between domestic violence and gun violence.  See  Torcivia v. Suffolk Cty., 409 F. Supp. 3d 19, 33 (E.D.N.Y. 2019); U.S. v. Staten, 666 F. 3d 154, 167 (4th Cir. 2011). The challenged provisions clearly relate to an important governmental objective.

**The Challenged Provisions are Not Preempted by State Law**

The Court should decline to exercise supplemental jurisdiction over plaintiff' State law claim of preemption.  In any event, plaintiff's claim that the challenged provisions are preempted by State law is also faulty. A local law enacted pursuant to the broad police powers granted by the N.Y. Constitution and Municipal Home Rule Law may be invalidated as inconsistent with State law only if the local law expressly conflicts with the State law or the State has "clearly

evinced a desire to preempt an entire field thereby precluding any further local regulation." Metro. Funeral Dirs. Ass'n. v. City of N.Y., 702 N.Y.S.2d 526, 530 (Sup. Ct., N.Y. Co. 1999) (quoting Jancyn Mfg. Corp. v. Co. of Suffolk 71 N.Y.2d 91, 97 (1987). Plaintiff's preemption claim rests on the concept of "field preemption," yet he fails to establish that the state has enacted a detailed and comprehensive regulatory scheme such that the state intended to occupy the field of rifle and shotgun licensing to the exclusion of municipalities. Instead, plaintiff bases his argument on the "comprehensive and detailed regulatory language and scheme of" Penal Law §400.00, applicable to "firearms," not rifles and shotguns. See Amended Complaint at ¶64. Indeed, the Penal Law does not contain a comprehensive and detailed regulatory scheme with respect to rifles and shotgun licenses at all. Furthermore, as a matter of law, the State's mere silence with respect to the licensing of rifles and shotguns is insufficient to mean that the law preempts the City's law and rules pertaining to rifles and shotgun. See People v. Cook, 34 N.Y. 2d 100 (1974). Moreover, the fact that rifles and shotguns are referenced in other sections of the Penal Law does not result in the challenged provisions being preempted. "The mere fact that a local law may deal with some of the same matters touched upon by State law does not render the local law invalid." People v. Judiz, 38 N.Y.2d 529, 531-532 (1976).

**Plaintiff Fails to Plead a Plausible Due Process Claim**

It is well-settled in this Circuit that there is no property interest in a future handgun license. See Spinelli v. City of New York, 579 F.3d 160, 169 (2d Cir. 2009); Toussaint v. City of New York, 2018 U.S. Dist. LEXIS at *16. As rifles and shotguns are licensed in New York City in the same manner as handguns, the same principle applies. Moreover, even if plaintiff had a property interest in a future rifle/shotgun license, to the extent plaintiff brings an as applied challenge to the denial of his Application, the availability of a proceeding pursuant to CPLR Article 78 provides him all the process he is due, as a matter of law. See El ex rel Letite v. DeProspo, 2019 U.S. Dist. LEXIS 204672 *10 (S.D.N.Y. 2019); Corbett v. City of New York, 2019 U.S. Dist. 100657 *14 (S.D.N.Y. 2019).

**Plaintiff is Not Entitled to Injunctive Relief**

Finally, plaintiff lacks standing for the injunctive relief he seeks. See Amended Complaint at "Wherefore" clause. Plaintiff seeks to enjoin Penal Law sections relating to the possession of firearms. As there are no allegations in the Amended Complaint that plaintiff owns any firearms, rather the allegations pertain to the plaintiff's ownership of rifles/shotguns, his claim for injunctive relief must be dismissed as a matter of law. To the extent plaintiff seek injunctive relief with respect to the challenged provisions, plaintiff fails to state a claim.

Thank you for your consideration in this matter.

Respectfully submitted,

/s/

Kerri A. Devine
Assistant Corporation Counsel

cc: **By ECF**
Amy L. Bellantoni, Esq.