# The Bellantoni Law Firm, PLLC

2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090     fax (888) 763-9761

---

May 4, 2020

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
40 Centre Street
New York, New York 10007

      Re:    <u>Taveras v City of New York, et al.</u>
               Case No. 20 Civ. 1200 (KPF)

Your Honor,

      I represent the plaintiff, Alan Taveras, in the above-referenced matter. I write in response to the letter from the defendants' counsel requesting a pre-motion conference.

      When contacted by counsel regarding the defendants' intention to file a motion pursuant to Rule 12(b)(6), I did indicate my consent.  Upon reviewing the defendants' pre-motion letter, however, the basis of defendants' motion exceeds the scope of the "four corners" determination set forth under Rule 12(b)(6).

<u>Second Amendment Claim</u>
      While the plaintiff maintains his position that strict scrutiny is the level of scrutiny to be applied to statutes that affect firearm possession in the home, the defendants' arguments in favor of intermediate scrutiny require actual admissible evidence to support *how* the statute is "substantially related to an important governmental interest". This requirement cannot be met with general legal arguments from counsel. The government must establish *facts* that overcome their legal burden, not general, emotionally charged, *ipsi dixit* 'public safety' arguments. See, e.g., *Doe v Putnam County*, 344 F Supp 3d 518, 538 (SDNY 2018) (denying motion to dismiss because "the Court cannot resolve how the important government interest at stake fits with the challenged regulation absent more evidence on either question...[t]he NYAG proffers conclusory assertions…[which] in the abstract [ ] may be "important governmental interests," the NYAG fails to substantiate or explain how § 400.00(5)(b) reasonably satisfies these objectives."). citing, *Kole v. Vill. of Norridge*, 941 F. Supp. 2d 933, 943 (N.D. Ill. 2013) (declining to resolve the merits of the Second Amendment claim on a motion to dismiss because "where courts will need to weigh both Second Amendment rights and state interests justifying some restrictions on those rights, actual evidence on the burdens, consequences, and governmental interests will be vital for sound judgment…noting the importance of "a thorough and complete record that provides a reliable, accurate factual foundation for constitutional adjudication." (internal quotation marks

omitted).

Fourteenth Amendment Claim

As to the plaintiff's Fourteenth Amendment Due Process claim, this is also more appropriately determined by motion for summary judgment. Missing the entire point of the plaintiff's complaint, the defendants cite caselaw establishing that there is no right to a *handgun* license. This case is specifically *not* about handgun licensing. Rifles and shotguns are not handguns and no license is required to possess rifles and shotguns under New York State Law. The heart of this action is that by subjecting rifles and shotguns to the same standards as the standards to obtain handgun license, which the courts in this state have determined to be a 'privilege', the City has *de facto* reduced *all* firearm possession to a mere privilege. See, *Parker v Nastasi*, 97 AD2d 547, 548 (2d Dept 1983); *Caruso v Ward*, 160 AD2d 540 (1st Dept 1990), lv denied 76 NY2d 706; *Sewell v New York*, 182 AD2d 469, 472 (1st Dept 1992) (possession of a handgun license is a privilege rather than a right); *Kaplan v Bratton*, 249 AD2d 199 (1st Dept 1998) (the issuance of a pistol license is not a right, but a privilege).

Article 78 'Alternative' Remedy

The argument that the plaintiff had an 'alternative remedy' in the nature of an Article 78 is also outside of the scope of a 12(b)(6) motion. An Article 78 inappropriate for considering the issues presented here. The scope of an Article 78 would merely challenge the decision to deny the plaintiff's rifle/shotgun license application using the "arbitrary and capricious" standard – whether the denial was "reasonably related" to the facts of the application. Such a standard is worlds apart from determining whether the facts warrant the termination of an individual's enumerated Constitutional Rights – even under an intermediate scrutiny analysis. The scope of an Article 78 proceeding does not address (and is inadequate for addressing) the violation of an individual's enumerated rights under the Bill of Rights. Moreover, the federal court is the more appropriate venue for adjudicating Constitutional violations.

Standing for Injunctive Relief

While the determination of standing is within the scope of a motion under Rule 12(b)(6), the plaintiff has standing to enjoin the Penal Law sections relating to the possession of firearms, the plaintiff does not need to wait to be subjected to criminal sanctions to have standing. Article III requires the party seeking legal redress to show that the party has suffered "actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Am. Booksellers Found. for Free Expression v Dean*, 2001 US Dist LEXIS 23848, at *8-9 (D Vt Aug. 8, 2001, Civil Action 1:01-CV-46) citing, *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982) (citations omitted). "A plaintiff bringing a pre-enforcement facial challenge against a statute need not demonstrate to a certainty that it will be prosecuted under the statute to show injury, but only that it has an actual and well-founded fear that the law will be enforced against it. If the plaintiff's conduct or intended conduct may enjoy constitutional protection, but is proscribed by the allegedly offending statute, the plaintiff is faced with a "credible threat of prosecution" and should not be "required to await and undergo a criminal prosecution as the sole means of seeking relief." *Valley Forge Christian Coll.*, 454 U.S. at 472. (citations omitted). The plaintiff has alleged that he faces the possibility of criminal prosecution should he breach the unconstitutional statutes. As such, he has sufficiently pled standing. *Id.*

- 3 -

<u>State Law Preemption</u>

      While the issue of state preemption is likely a legal determination to be made by the court, to avoid unnecessary delay and conserve judicial resources and efforts, this issue should also be addressed in a motion for summary judgment. The defendants would suffer no prejudice by having this issue track the plaintiff's accompanying federal claims.

      Should the Court determine that a pre-motion conference is necessary, Ms. Devine's letter advised that the parties consent to telephonic or other remote means of proceeding should the Court be so willing. I would also inform the Court that, due to family-related concerns, I would greatly appreciate the Court's approval.

      Thank you for Your Honor's consideration in this matter.

Sincerely,

/s
Amy L. Bellantoni

cc:  Kerri A. Devine (via ECF)