20 CV 01200 (KPF)

UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF NEW YORK

ALAN TAVERAS,

Plaintiff,

-against-

NEW YORK CITY, New York, JAMES O'NEILL, in his official capacity as Police Commissioner, and all successors therein, JONATHAN DAVID, in his official capacity as Director, NYPD License Division, and ASIF IQBAL, in his official capacity as Executive Director, License Division Rifle/Shotgun Section,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kerri Devine*
*Tel:  (212) 356-2214*
*Cell: (646) 629-3118*
*Matter No.:  2020-015617*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS AND REGULATORY BACKGROUND ........................................ 2

      Law and Rules Applicable to the Licensing of *Firearms*..........................................................................3

      Law and Rules Applicable to the Licensing of *Rifles and Shotguns* ............................................................4

STANDARD OF REVIEW ..................................................................................................... 5

ARGUMENT

     POINT I

          PLAINTFF LACKS STANDING TO CHALLENGE ADMIN. CODE §§ 10-303(a)(6), (7) AND (g) AND PENAL LAW §§ 265.01(1), 265.01(b), 265.02(5)(I), 265.03(2), 265.04(2) AND/OR 265.15(6).......................................................6

     POINT II

          PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE SECOND AMENDMENT CLAIM .....................................9

        A.   Plaintiff Does Not Have an Absolute Right to Possess a Rifle/Shotgun in His Residence ............................................9

        B.   Plaintiff's As-Applied Challenge Fails ..........................................11

            (i)   The Applicable Standard is Intermediate Scrutiny ...............................................11

            (ii)   The Challenged Rifle/Shotgun Provisions Substantially Relate to an Important Governmental Objective...........................................13

        C.   Plaintiff's Facial Challenge To the Challenged Rifle/Shotgun Provisions Fails.........................................17

**Page**

POINT III

      THE CHALLENGED PROVISIONS DO NOT
VIOLATE PLAINTIFF'S DUE PROCESS
RIGHTS ....................................................................................................18

POINT IV

      THIS COURT SHOULD NOT EXERCISE
SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S PREEMPTION CLAIM ....................................................20

POINT V

      THE CHALLENGED PROVISIONS ARE NOT
PREEMPTED BY STATE LAW ...............................................................22

      A.  Preemption Under New York Law.....................................................22

      B.  No Preemption Exists in this Case ...................................................23

CONCLUSION...................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

24 Hour Fuel Oil Corp. v. Long Island Rail Road Co.,
   903 F. Supp. 393 (E.D.N.Y. 1995) .......................................................................................21

Adam v. Barr,
   2019 U.S. Dist. LEXIS 54297 (S.D.N.Y. 2019) ...................................................................8

Amidon v. Student Ass'n,
   508 F.3d 94 (2d Cir. 2007) ...............................................................................................18

Aron v. Becker,
   48 F. Supp. 3d 347 .....................................................................................................13, 17

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ...........................................................................................................6

Avitabile v. Beach,
   277 F. Supp. 3d 326 (N.D.N.Y. 2017) ...............................................................................12

Babbitt v. United Farm Workers Nat'l Union,
   442 U.S. 289 (1979) ...........................................................................................................8

Bach v. Pataki,
   408 F.3d 75 (2d Cir. 2005) ...............................................................................................24

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ...........................................................................................................6

Board of Regents v. Roth,
   408 U.S. 564 (1972) ....................................................................................................18, 19

Broadrick v. Oklahoma,
   413 U.S. 601 (1973) .........................................................................................................18

Carnegie-Mellon Univ. v. Cohill,
   484 U.S. 343 (1988) .........................................................................................................21

Carver v. Nassau County Interim Finance Authority,
   730 F.3d 150 (2d Cir. 2013) ............................................................................................21

Matter of Chwick v. Mulvey,
   81 A.D.3d 161 (2010) ......................................................................................................23

City of New York v. Beretta,
   315 F. Supp. 2d 256 (E.D.N.Y. 2004) ..............................................................................24

iii

**Cases**                                                                 **Pages**

Clark v. Jeter,
    486 U.S. 456 (1988)....................................................................................13

Congregation Rabbinical Coll. of Tartikov, Inc., v. Vill. of Pomona,
    280 F. Supp. 2d 426 (S.D.N.Y. 2017).......................................................18

Corbett v. City of N.Y.,
    2019 U.S. Dist. LEXIS 10 (S.D.N.Y. 2019)........................................13, 16, 20

Davidson v. Flynn,
    32 F.3d 27 (2d Cir. 1994)..............................................................................6

District of Columbia v. Heller,
    554 U.S. 570 (2008)......................................................................................9

DJL Rest. Corp. v. City of New York,
    96 N.Y.2d 91 (2001)....................................................................................22

DLC Mgmt. v. Town of Hyde Park,
    163 F.3d 124 (2d Cir. 1998).........................................................................19

Fromson v. Nelson,
    178 A.D.2d 479 (2d Dep't 1991) ................................................................25

Giordano v. City of New York,
    274 F.3d 740 (2d Cir. 2001).........................................................................21

Grandon v. Merrill Lynch & Co.,
    147 F.3d 184 (2d Cir. 1998)..........................................................................6

Grimm v. New York,
    56 Misc. 2d 525 (Sup. Ct. Qns. Co (special term) 1968)...........................25

Harley v. Barr,
    2019 U.S. Dist LEXIS 66056 (E.D.Va. 2019).............................................17

Henry v. Cty. of Nassau,
    2020 U.S. Dist. LEXIS 43371 (E.D.N.Y. 2020)....................................11, 14, 15

Hodel v. Virginia Surface Mining & Reclamation Ass'n,
    452 U.S. 264 (1981)................................................................................13, 15

Jancyn Mfg. Corp. v. Co. of Suffolk
    71 N.Y.2d 91 (1987)....................................................................................22

Juzumas v. Nassau Cty.,
    417 F. Supp. 3d 178 (E.D.N.Y. 2019) ..........................................................4

**Cases**                                                                 **Pages**

Kaplan v. Bratton,
  249 A.D.2d 199 (1st Dep't 1998) ......................................................................25

Knife Rights v. Vance,
  802 F.3d 377 (2d Cir. 2015).........................................................................7, 8

Kolari v. N.Y.-Presbyterian Hosp.,
  455 F.3d 118 (2d Cir. 2006).............................................................................21

Kuck v. Danaher,
  600 F.3d 159 (2d Cir. 2010)........................................................................13, 15

Kwong v. Bloomberg,
  723 F.3d 160 (2d Cir. 2013)
  cert. denied, sub nom., Kwong v. DeBlasio, 134 S. Ct. 2696 (2014)...............10, 11

El ex rel Letite v. DeProspo,
  2019 U.S. Dist. LEXIS 204672 (S.D.N.Y. 2019)..................................................20

Lighthouse Shores, Inc. v. Town of Islip,
  41 N.Y. 2d 7 (1976) .........................................................................................22

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992)...........................................................................................7

Madonna v. United States,
  878 F.2d 62 (2d Cir. 1989).................................................................................6

McDonald v. City of Chicago,
  561 U.S. 742 (2010)......................................................................................9, 10

Metro. Funeral Dirs. Ass'n. v. City of N.Y.,
  702 N.Y.S.2d 526 (Sup. Ct., N.Y. Co. 1999) .....................................................22

Mishtaku v. City of New York,
  2015 U.S. Dist. LEXIS 193797 (S.D.N.Y. May 4, 2015)............................11, 12, 14

Monroe-Livingston Sanitary Landfill, Inc. v. Caledonia,
  51 N.Y. 2d 679 (1980) ......................................................................................24

Mullane v. Central Hanover Bank & Trust Co.,
  339 U.S. 306 (1950)...........................................................................................18

N.Y. State Rifle & Pistol Ass'n v. City of New York,
  883 F.3d 45 (2d Cir. 2018),
  aff'd on other grounds, 140 S.Ct. 1525 (2020) ......................................................12

**Cases**                                                        **Pages**

N.Y. State Rifle & Pistol Ass'n v. Cuomo,
    804 F.3d 242 (2d Cir. 2015)..................................................................13

Oneida Indian Nation of N.Y. v. Madison Cnty.,
    665 F.3d 408 (2d Cir. 2011)..................................................................21

Matter of Ostrowski v. City of New York,
    55 A.D.3d 471 (1st Dep't 2008) ...........................................................17

People v. Cook,
    34 N.Y. 2d 100 (1974) ..........................................................................24

People v. Judiz,
    38 N.Y.2d 529 (1976) ......................................................................24, 25

People v. New York Trap Rock Corp.
    57 N.Y.2d 371 (1982) ...........................................................................22

People v. Ortiz,
    125 Misc. 2d 318 (Crim. Ct. Bx Co. 1984).........................................25

People v. Simmons,
    125 Misc. 2d 118 (Crim. Ct. Bx Co. 1984)......................................4, 14

People v. Stagnitto,
    261 A.D.2d 890 (4th Dep't 1999) .........................................................25

People v. Tucker,
    117 N.Y.S.3d 401 (4th Dep't 2020).........................................................9

Schall v. Martin,
    467 U.S. 253 (1984).........................................................................13, 15

Selevan v. New York Thruway Auth.,
    711 F.3d 253 (2d Cir. 2013) (per curiam)...............................................7

Sibley v. Watches,
    2020 U.S Dist. LEXIS 88143 (W.D.N.Y. 2020) ................................9, 20

Spinelli v. City of New York,
    579 F.3d 160 (2d Cir. 2009)..................................................................19

Susan B. Anthony List v. Driehaus,
    134 S. Ct. 2334 (2014)............................................................................8

Matter of Tolliver v. Kelly,
    41 A.D.3d 156 (1st Dep't 2007) ...........................................................17

**Cases**                                                                   **Pages**

Torcivia v. Suffolk Cty.,
    409 F. Supp. 3d 19 (E.D.N.Y. 2019) ..............................................................14, 15

Toussaint v. City of New York,
    2018 U.S. Dist. LEXIS 152985 (E.D.N.Y. Sept. 6, 2018) ......................................9, 11, 14, 19

Town of Castle Rock v. Gonzalez,
    545 U.S. 748 (2005).................................................................................................19

U.S. v. Chapman,
    666 F. 3d 220 (4th Cir. 2011) ................................................................................12

U.S. v. Chovan,
    735 F.3d 1127 (9th Cir. 2013) ................................................................................17

U.S. v. Jimenez,
    2016 U.S. Dist. LEXIS 73169 (S.D.N.Y. 2016)....................................................18

U.S. v. Reese,
    627 F.3d 792 (10th Cir. 2010),
    cert. denied, 131 S. Ct. 2476 (2011) .....................................................................12

U.S. v. Staten,
    666 F. 3d 154 (4th Cir. 2011) ................................................................................14

Unger v. Rozzi,
    206 A.D.2d 974 (4th Dep't 1994) ..........................................................................25

United Mine Workers of Am. v. Gibbs,
    383 U.S. 715 (1966)................................................................................................21

United States v. DeCastro,
    682 F.3d 160 (2d Cir. 2012)....................................................................................10

United States v. Oppedisano,
    No. 09-0305, 2010 WL 4961663 (E.D.N.Y. Nov. 30, 2010) ................................12

United States v. Salerno,
    481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)................................18, 20

United States v. Skoien,
    614 F.3d 638 (7th Cir. 2010) (en banc),
    cert. denied, 131 S. Ct. 1674 (2011) ..............................................................10, 14, 16

Vale v. Eidens,
    290 A.D.2d 612 (3d Dep't 2002) ...........................................................................25

**Cases**                                                                                                    **Pages**

Valencia v. Lee,
    316 F.3d 299 (2d Cir. 2003) ............................................................................21

W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP,
    549 F.3d 100 (2d Cir. 2008) ..............................................................................7

Warth v. Seldin,
    422 U.S. 490 (1975) ............................................................................................7

Waskiewicz v. New York City Police Dep't,
    211 A.D.2d 603 (1st Dep't 1995) ....................................................................17

Weinstein v. Krumpter,
    386 F. Supp. 3d 220 (E.D.N.Y. 2019) ......................................................16, 25

Worman v. Healey,
    922 F.3d 26 (1st Cir. 2019) ..............................................................................12

**Statutes**

38 RCNY § 3-03 ..........................................................................................4, 5, 15

38 RCNY § 3-03(f) ..............................................................................................1, 5

38 RCNY § 3-03(g) ............................................................................................1, 5

38 RCNY § 3-303(f) ................................................................................11, 15, 16

38 RCNY § 3-303(g) ..............................................................................11, 15, 16

38 RCNY § 5-10 ..............................................................................12, 13, 14, 15

38 RCNY § 5-10 (f) ............................................................................................4, 5

38 RCNY § 5-10 (g) ..........................................................................................4, 5

18 U.S.C. § 922(g)(9) ..........................................................................................17

28 U.S.C. § 1367(c)(1) ........................................................................................21

28 U.S.C. § 1367(c)(3) ........................................................................................20

Admn. Code § 10-303 ........................................................................................4, 15

Admn. Code § 10-303 (2) ......................................................................................5

**Statutes**                                                                                                    **Pages**

Admn. Code § 10-303 (9) ........................................................................................5

Admn. Code § 10-303(a)(2) ..................................................................1, 3, 11, 15, 16

Admn. Code § 10-303(a)(6) ............................................................1, 2, 6, 7, 11, 15, 16

Admn. Code § 10-303(a)(7) ..................................................................1, 7, 11, 15, 16

Admn. Code § 10-303(a)(9) ..................................................................1, 3, 11, 15, 16

Admn. Code § 10-303(g) ..............................................................1, 2, 5, 6, 7, 11, 15, 16

Admn. Code § (7) ............................................................................................2, 6, 7

Fed. R. Civ. P.12(b)(6) ......................................................................................1, 5

MHRL § 10(1)(i) ..............................................................................................22

N.Y. Pen. Law § i.e ..........................................................................................4, 5

N.Y. Pen. Law § 265.01-.04 ................................................................................3

N.Y. Pen. Law § 265.20 ....................................................................................3

N.Y. Pen. Law § 400.00 ......................................................1, 2, 3, 20, 22, 23, 24

N.Y. Pen. Law § 400.00(1) ..................................................................3, 4, 12, 14, 15

N.Y. Pen. Law § 400.00(1)-(4) ............................................................................24

N.Y. Pen. Law § 400.00(1)(b) ............................................................................4

N.Y. Pen. Law § 400.00(1) et seq..........................................................................3

N.Y. Pen. Law § 400.00(1)(n) ............................................................................4

N.Y. Pen. Law § 400.00(11) ..............................................................................14

N.Y. Penal Law 400.00(1) ................................................................................20

N.Y. Penal Law § 256.01(1) ..............................................................................9

N.Y. Penal Law § 265 ......................................................................................2, 25

N.Y. Penal Law § 265-01-b(1) ............................................................................9

N.Y. Penal Law § 265.00 (3) ..............................................................................4

**Cases**                                                                                          **Pages**

N.Y. Penal Law § 265.00 (11) ......................................................................................4

N.Y. Penal Law § 265.00 (12) ......................................................................................4

N.Y. Penal Law § 265.01(1) ..........................................................................................8

N.Y. Penal Law § 265.01-b ...........................................................................................8

N.Y. Penal Law § 265.02(5)(i) .......................................................................................8

N.Y. Penal Law § 265.03(2) ...........................................................................................8

N.Y. Penal Law § 265.04(2) ...........................................................................................8

N.Y. Penal Law § 265.15(6) ...........................................................................................8

N.Y. Penal Law § 400 et seq...................................................................................23, 24

N.Y. Penal Law §400.00(6) ..........................................................................................24

N.Y. Penal Law § 400.00 et seq.................................................................................4, 21

N.Y.S. Crim. P. §530.14 ................................................................................................4

N.Y.S. Crim. P. § 842-a .................................................................................................4

**Other Authorities**

N.Y. Rule § 10(1)(i) Article IX, § 2(c)(i) ....................................................................22

## PRELIMINARY STATEMENT

Defendants New York City ("City"), New York City Police Department ("NYPD") Commissioner Dermot Shea, NYPD License Division ("License Division") Director Jonathan David, and License Division Executive Officer Captain Asif Iqbal, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

This case stems from the License Division's determination denying plaintiff's application ("Application") for a rifle and/or shotgun permit ("rifle/shotgun permit").  After an investigation, plaintiff's Application was denied (the "Denial") based upon plaintiff's history of orders of protection issued against him and allegations of domestic violence.  Plaintiff now attempts to challenge the License Division's denial of his Application by challenging the constitutionality of the New York City Administrative Code's ("Admin. Code") requirement that rifles and shotguns be licensed in New York City, the portion of the Rules of the City of New York ("RCNY") governing the factors to be considered by the License Division in determining whether to approve or deny an application for a rifle/shotgun permit, and the New York State Penal Law ("Penal Law") sections criminalizing the possession of firearms (not rifles and shotguns). Specifically, plaintiff claims that: (1) the factors set forth in the Admin. Code §§ 10-303(a)(2),(6), (7), (9) and 10-303(g), as well as 38 RCNY §§ 3-03(f) and (g) (collectively "the challenged rifle/shotgun provisions") substantially burden his rights under the Second Amendment; (2) defendants' enforcement of the Penal Law sections prohibiting unlicensed possession of a firearm substantially burdens his rights under the Second Amendment; (3) the challenged rifle/shotgun provisions deny plaintiff's Fourteenth Amendment right to due process of law; and (4) the challenged rifle/shotgun provisions are preempted by Pen. Law § 400.00.

Plaintiff fails to state a claim for relief.  His allegation that the challenged rifle/shotgun provisions "substantially burden" his Second Amendment rights is not supported by the governing law.  First, it is well-settled that intermediate scrutiny is the proper level of scrutiny, thus, the applicable standard is whether the challenged rifle/shotgun provisions are substantially related to achieve an important governmental interest.  Plaintiff puts all of his eggs in the "strict scrutiny" basket and fails to even address intermediate scrutiny or allege that the challenged provisions are not substantially related to achieving an important governmental interest.  Second, the challenged rifles/shotgun provisions are constitutional, generally and as applied to plaintiff.  Third, plaintiff lacks standing to challenge Admin. Code §§ 10-303(a)(6), (7) and § 10-303(g) as they were not a factor in the Denial.  Fourth, plaintiff lacks standing to challenge the criminal enforcement provisions set forth in Penal Law § 265 as they pertain to the possession of firearms, not rifles and shotguns, and plaintiff fails to even allege an intent to possess firearms in violation of any of any of the criminal enforcement provisions challenged.  Fifth, plaintiff's due process claims must be dismissed as he fails to allege that he was deprived of a protected property interest. Sixth, since defendants are entitled to dismissal of plaintiff's federal claims, this Court should not exercise supplemental jurisdiction over plaintiff's claim that the challenged rifle/shotgun provisions are preempted by Penal Law § 400.00.  In any event, plaintiff's preemption claim also fails on the merits.

### STATEMENT OF FACTS AND REGULATORY BACKGROUND

Plaintiff, a City resident, submitted an application for a rifle/shotgun permit to the License Division in early 2018. See Amended Complaint ("Compl.") at ¶¶ 23-4.  Pursuant to its investigation, the License Division learned, inter alia, that plaintiff had been named as the perpetrator in two separate domestic violence incidents, the first of which resulted in plaintiff being arrested and charged with Assault in the Third Degree, with intent to cause physical injury,

and Harassment, and an order of protection was issued against him.  Id. at ¶¶24, 31, 39-40.  The next alleged domestic violence incident occurred just three months later, involved the same victim, and resulted in the issuance of another order of protection against plaintiff.  Id. at ¶40.

In November 2018, the License Division denied plaintiff's Application after an administrative appeal. The Denial was pursuant to Admin. Code §§ 10-303(a)(2) and (9) and based on plaintiff's domestic violence and arrest history.  Compl. at ¶38-9.  The Denial provided, "[o]n May 22, 2011, [plaintiff's] ex-girlfriend stated she had a verbal dispute with Mr. Taveras which led to physical violence.  She said that he punched her in the left eye causing swelling and bruising.  The victim was treated at the hospital for her injuries."  Three months after the order of protection was issued, "the same ex-girlfriend stated that Mr. Taveras threatened her on the phone stating he was going to 'pull her out of a nightclub by her hair if she did not leave.' Further, he stated that if she called the police, he would hurt her and her family."  Id. at 39-40.

Law and Rules Applicable to the Licensing of *Firearms*

The State of New York requires a license to possess a firearm.  See Pen. Law §§ 265.01-.04, 265.20 & 400.00.  Pen. Law § 400.00(1) addresses eligibility for firearms licenses and provides that such licenses shall not be issued if an applicant lacks good moral character or concerning whom good cause exists for the denial of such a license.  Specifically, it states, in pertinent part, as follows:

> No license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true. No license shall be issued or renewed except for an applicant *** (b) of good moral character; *** and (n) concerning whom no good cause exists for the denial of the license.

Pen. Law § 400.00(1) et seq.

3

The regulations governing how the License Division should exercise its discretion in issuing firearms licenses are set forth in Title 38, Section 5 of the RCNY.  Section 5-10 of title 38 of the RCNY sets forth the criteria to be considered when determining whether an applicant satisfies N.Y. Pen. Law §§ 400.00(1)(b) and (n), i.e., is of good moral character or if good cause exists for the denial of the application for a firearm license.  Specifically, 38 RCNY §§ 5-10 (f) and (g) provide for consideration of whether the applicant is the subject of an order of protection or a temporary order of protection or has a history of one or more incidents of domestic violence.

Law and Rules Applicable to the Licensing of *Rifles and Shotguns*

Rifles and shotguns, also known as longarms, are not defined as firearms by the Penal Law.  <u>See</u> Penal Law §§ 265.00 (3), (11), (12).  Furthermore, New York State does not specifically license rifles and shotguns.  <u>Id.</u>, <u>see</u> Penal Law § 400.00 <u>et seq</u>, <u>see also</u> <u>Juzumas v. Nassau Cty.</u>, 417 F. Supp. 3d 178, 181 (E.D.N.Y. 2019).  New York City, however, does provide for the licensing of rifles and shotguns, and has for over half a century.  <u>See</u> Admin. Code § 10-303; <u>see</u> <u>also</u> <u>People v. Simmons</u>, 125 Misc. 2d 118, 121 (Crim. Ct. Bx Co. 1984).

Admin. Code § 10-303 sets for the circumstances under which an application for a rifle/shotgun permit may be denied, which nearly mirror the circumstances under which a firearms license may be denied under Pen. Law § 400.00(1).  It provides, in pertinent part:

> a. Requirements. No person shall be denied a permit to purchase and possess a rifle or shotgun unless the applicant:
>
> ***
> (2) is not of good moral character; or
>
> ***
> (6) has been the subject of a suspension or ineligibility order issue pursuant to §530.14 of the New York State Criminal Procedure Law or §842-a of the New York State Family Court Act;
> ***
> (7) who is subject to a court order that

4

(a) was issued after a hearing of which such person received actual notice, and at which such person had the opportunity to participate;

(b) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(c) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

(d) For purposes of this section only, "intimate partner" means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabited with the person; or

***

(9) unless good cause exists for the denial of the permit.

Administrative Code § 10-303(g) provides for the circumstances under which a rifle/shotgun license may be revoked.

Title 38 of RCNY § 3-03 sets forth the criteria to consider when determining whether an applicant satisfies the criteria set forth in Admin. Code §§ 10-303 (2) and (9), i.e., is of good moral character or if good cause exists for the denial of the rifle/shotgun license application. As with the rule provisions relevant to the licensing of firearms, 38 RCNY §§ 3-03(f) and (g) provide for consideration of whether the applicant is the subject of an order of protection or a temporary order of protection or has a history of one or more incidents of domestic violence. See 38 RCNY §§ 5-10(f), (g).

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept the facts alleged in the complaint as true and to

construe all reasonable inferences in the nonmoving party's favor.  See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)).

A complaint must nevertheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations and quotations omitted). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. Id. at 678–79.  ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

## ARGUMENT

### POINT I

**PLAINTFF LACKS STANDING TO CHALLENGE ADMIN. CODE §§ 10-303(a)(6), (7) AND (g) AND PENAL LAW §§ 265.01(1), 265.01(b), 265.02(5)(I), 265.03(2), 265.04(2) AND/OR 265.15(6)**

Plaintiff's claims with respect to Admin. Code §§ 10-303(a)(6), (7) and § 10-303(g) and Penal Law §§ 265.01(1), 265.01(b), 265.02(5)(i), 265.03(2), 265.04(2) and/or 265.15(6) must be dismissed for lack of standing. To establish Article III standing, plaintiffs must demonstrate: "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that

6

the injury can be remedied by the requested relief." <u>Selevan v. New York Thruway Auth.</u>, 711 F.3d 253, 257 (2d Cir. 2013) (per curiam) (quoting <u>W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP</u>, 549 F.3d 100, 106–07 (2d Cir. 2008)); <u>see also</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992). Furthermore, "[f]or an alleged injury to support constitutional standing, it "must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" <u>Knife Rights v. Vance</u>, 802 F.3d 377, 383 (2d Cir. 2015)(citations omitted).

In addition to these constitutional requirements, there are prudential considerations to determine standing, which include that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties." <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975) (citations omitted).

Although plaintiff makes broad claims in an attempt to invalidate numerous provisions of law regarding rifle/shotgun licenses, here, Admin. Code §§ 10-303(a)(6), (7) and § 10-303(g) were not factors in the denial of plaintiff's application for a license. <u>See</u> Comp. at ¶¶37-41. Accordingly, plaintiff cannot demonstrate an injury-in-fact with a "fairly traceable" connection to Admin. Code §§ 10-303(a)(6), (7) and (g) § 10-303(g). <u>See</u> <u>Selevan</u>, 711 F.3d at 257; <u>see also</u> <u>Lujan</u>, 504 U.S. at 560. Therefore, plaintiff's claim challenging the constitutionality of Admin. Code §§ 10-303(a)(6), (7) and § 10-303(g) should be dismissed for lack of standing.[1]

Plaintiff also lacks standing to challenge and enjoin the enforcement of Penal Law §§ 265.01(1), 265.01(b), 265.02(5)(i), 265.03(2), 265.04(2) and/or 265.15(6) ("criminal enforcement provisions"). <u>See</u> Comp. at ¶¶ 176-179 and "Wherefore" clause. The criminal enforcement provisions relate to the possession of firearms, not rifles and shotguns. There are no allegations in the Amended Complaint that plaintiff possesses or intends to possess firearms, or

any of the other types of weapons addressed in the criminal enforcement provisions, let alone to possess a firearm or other weapon in manner that would subject him to criminal prosecution, i.e., after being convicted of a felony or serious offense (see Penal Law § 265.01(1)), while knowingly failing to register it (see Penal Law § 265.01-b), or possessing multiple firearms (see Penal Law §§ 265.02(5)(i), 265.03(2), 265.04(2) and 265.15(6)). While plaintiff need not risk prosecution to obtain standing to challenge enforcement of a criminal law, he must at the very least allege that he, "'inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by . . . statute, and there exists a credible  threat of prosecution thereunder.'"  Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2342 (2014) quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979).  A credible threat of prosecution will not be found "where plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.' Thus, fears that are 'imaginary or speculative' will not satisfy the credible threat standard."  Adam v. Barr, 2019 U.S. Dist. LEXIS 54297 *7 (S.D.N.Y. 2019), quoting Knife Rights, 802 F.3d at 384.  Accordingly, to have standing, plaintiff must allege a concrete intention to violate the law.  See Adam at *8.  Because plaintiff has failed to do so, he lacks standing with respect to his pre-enforcement claim regarding the criminal enforcement provisions.

In any event, even if plaintiff did have standing to challenge the criminal enforcement provisions, he fails to sufficiently allege a cognizable claim under the Second Amendment.  Just as the challenged rifle/shotgun provisions do not present a total ban on the possession of rifles and shotguns, neither do the criminal enforcement provisions.  Accordingly, they are subject to and satisfy intermediate scrutiny. See Point II(B)(i)&(ii), supra; see also Sibley v. Watches, 2020

---

[1] For the reasons discussed in Point II, infra, the challenge to Admin. Code §§ 10-303(a)(6), (7) and §

U.S Dist. LEXIS 88143 *20 (W.D.N.Y. 2020)(applying intermediate scrutiny to Penal Law § 256.01(1); People v. Tucker, 117 N.Y.S.3d 401, 406-7 (4th Dep't 2020)(applying intermediate scrutiny when assessing the constitutionality of Penal Law § 265-01-b(1)).

**POINT II**

**PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE SECOND AMENDMENT CLAIM**

Plaintiff has failed to set forth a cognizable claim that the challenged rifle/shotgun provisions violate the Second Amendment on their face and as-applied to plaintiff.

**A.     Plaintiff Does Not Have an Absolute Right to Possess a Rifle/Shotgun in His Residence**

Although the Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 635 (2008), concluded that the District of Columbia's outright ban on the possession of handguns, "the quintessential self-dense weapon," in the home violated the Second Amendment, it also expressly provided that certain regulations are "presumptively valid," including prohibitions on possession by certain categories of people (such as those who are not "law-abiding").  Id. at 635. Further, in McDonald v. City of Chicago, 561 U.S. 742, 786 (2010), the Supreme Court affirmed these presumptively lawful prohibitions.  As the Supreme Court in Heller stated, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."  554 U.S. at 626. Specifically, the right embodied in the Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."  Id. "Moreover, regardless of Plaintiff's purpose in seeking a gun, the core protections of the Second Amendment apply only to 'law-abiding' citizens."  Toussaint v. City of New York, 2018 U.S. Dist. LEXIS 152985, *13 (E.D.N.Y. Sept. 6, 2018) (citing Heller, 554 U.S. at 634-35).

---

10-303(g) also fails on the merits.

These "presumptively valid" regulations presume a licensing scheme to determine who meets the standards of fitness for a gun license.  In <u>Heller</u>, the Supreme Court explicitly stated that nothing in its decision "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill…" and noted that the Second Amendment protected the "right of <u>law-abiding</u>, <u>responsible</u> citizens to use arms in defense of hearth and home." <u>Id</u>. at 626-27 & 635 (emphasis added).   Indeed, the Supreme Court in <u>McDonald</u> emphasized that the Second Amendment "limits, but by no means eliminates," governmental discretion to regulate activity falling within the scope of the right and that incorporation "does not imperil every law regulating firearms."  561 U.S. at 904.

Since <u>Heller</u>, several other courts have upheld registration and licensing requirements, along with certain prohibitions on firearms.  <u>See</u> <u>e.g.</u>, <u>Kwong v. Bloomberg</u>, 723 F.3d 160, 167-68 (2d Cir. 2013) <u>cert. denied</u>, <u>sub nom.</u>, <u>Kwong v. DeBlasio</u>, 134 S. Ct. 2696, 2696 (2014) (upholding the New York City residential handgun licensing fee); <u>Kachalsky</u>, 701 F.3d at 81 (upholding New York State's "proper cause" requirement for license to carry a concealed firearm); <u>United States v. DeCastro</u>, 682 F.3d 160 (2d Cir. 2012) (upholding statute prohibiting transportation into New York of firearm purchased in another state); <u>United States v. Skoien</u>, 614 F.3d 638 (7th Cir. 2010) (en banc), <u>cert. denied</u>, 131 S. Ct. 1674 (2011)) (upholding law prohibiting the possession of firearms by any person convicted of misdemeanor domestic violence crime).

Thus, to the extent plaintiff is arguing that he has an absolute right to possess a rifle or shotgun in his home without any government regulation, he is wrong and he fails to state a claim.

B.      **Plaintiff's As-Applied Challenge Fails**

> (i)      **The Applicable Standard is Intermediate Scrutiny**

Plaintiff's claim that his Second Amendment rights have been violated rests entirely on the faulty argument that Admin. Code §§ 10-303(a)(2), (6), (7), (9) and (g) and 38 RCNY §§ 3-303(f) and (g) substantially burden plaintiff's Second Amendment right to possess a rifle and/or shotgun and are thereby subject to a strict scrutiny analysis. Assuming *arguendo*, that the challenged rifle/shotgun provisions impinge on conduct protected by the Second Amendment, the applicable level of scrutiny is intermediate scrutiny, not strict scrutiny.

Plaintiff's argument that the challenged rifle/shotgun provisions are subject to strict scrutiny is not supported by the prevailing law.  Similar to the laws and rules regulating firearms in New York, the challenged rifle/shotgun provisions merely regulate the possession of rifles and shotguns in New York City; they do not present a total ban.  Rather, they simply allow for the consideration of certain factors in assessing the fitness of an applicant –that the applicant is "law-abiding and responsible"— on a case by case basis.  Accordingly, the challenged rifle/shotgun provisions are subject to intermediate scrutiny rather than strict scrutiny.  Henry v. Cty. of Nassau, 2020 U.S. Dist. LEXIS 43371 *22-23 (E.D.N.Y. 2020).  "The Second Circuit and other courts in this circuit generally apply intermediate scrutiny to restrictions that fall short of being universal prohibitions of entire classes of firearms."  Toussaint, 2018 U.S. Dist. LEXIS 152985 *11. Where the challenged restriction "merely restrict[s] access to handguns for the subset of individuals who lack the characteristics for safe possession of a handgun," they do not substantially burden a core Second Amendment right and therefore, intermediate scrutiny is applied.  Mishtaku v. City of New York, 2015 U.S. Dist. LEXIS 193797, at *10 (S.D.N.Y. May 4, 2015).  In fact, intermediate scrutiny is the appropriate level of review for statutes or laws that may restrict the possession of weapons, even in the home. See e.g., Kwong, 723 F.3d at 167-68;

N.Y. State Rifle & Pistol Ass'n v. City of New York, 883 F.3d 45 (2d Cir. 2018), aff'd on other grounds, 140 S.Ct. 1525 (2020) (applying intermediate scrutiny to rule permitting individuals with a permit to possess a handgun at a premises to remove the handgun from such premises only for specified purposes), U.S. v. Reese, 627 F.3d 792, 800 (10th Cir. 2010), cert. denied, 131 S. Ct. 2476 (2011) (applying intermediate scrutiny to statute prohibiting gun possession – even in the home – for those who have an outstanding order of protection [as opposed to a criminal conviction] on the basis that the challenged law "applies only to a narrow class of persons who, based on their past behavior, are more likely to engage in domestic violence."); United States v. Oppedisano, No. 09-0305, 2010 WL 4961663, at * 2 (E.D.N.Y. Nov. 30, 2010); U.S. v. Chapman, 666 F. 3d 220 (4ᵗʰ Cir. 2011); Worman v. Healey, 922 F.3d 26 (1ˢᵗ Cir. 2019); Avitabile v. Beach, 277 F. Supp. 3d 326, 334 (N.D.N.Y. 2017).

Indeed, intermediate scrutiny has been applied in addressing the same types of restrictions as those challenged herein, but with respect to firearms licensing requirements. In assessing the constitutionality of Penal Law § 400.00(1), including, specifically, the requirements that an applicant be of good moral character and for whom no good cause exists for a denial, the Court in Mishtaku, held that intermediate scrutiny was the applicable standard. 2015 U.S. Dist. LEXIS 193797, at *9-11. Similarly, in Toussaint, which involved a denial of a firearm license due to plaintiff's arrest and order of protection history, similar to the denial at issue here, the Court applied intermediate scrutiny in assessing the constitutionality of Penal Law § 400.00(1) and 38 RCNY § 5-10 and noted, "it is not clear whether the core protections of the Second Amendment even apply to Plaintiff, or to laws like NYPL § 400.00(1) and 38 RCNY § 5-10 that authorize the denial of firearm licenses where the applicant has shown an inability to

abide by the law." 2018 U.S. Dist. LEXIS 152985 at *11.  As the Court recognized in <u>Aron v.</u>

<u>Becker</u>, 48 F. Supp. 3d 347, 371:

> New York's pistol permit regulations do not present a substantial burden on the core protection of self-defense inside hearth and home for law-abiding, responsible citizens. Rather, the applicable statutes burden only the narrow class of persons who are adjudged to lack the characteristics necessary for the safe possession of a handgun.

Just as the restrictions on firearms licensing set forth in 400.00(1) and 38 RCNY § 5-10 do not

substantially burden Second Amendment rights, neither do those same restrictions with respect

to rifle and shotguns licenses.  Accordingly, intermediate scrutiny is the applicable standard.

### (ii)    The Challenged Rifle/Shotgun Provisions Substantially Relate to an Important Governmental Objective

Even assuming plaintiff had appropriately alleged that intermediate scrutiny was the

proper standard, the Amended Complaint still must be dismissed as the challenged provisions

easily satisfy that standard.  Under intermediate scrutiny, a Court considers whether the statute at

issue is substantially related to the achievement of an important governmental interest.  <u>See</u>, <u>e.g.</u>,

<u>N.Y. State Rifle & Pistol Ass'n v. Cuomo</u>, 804 F.3d 242, 261(2d Cir. 2015); <u>Clark v. Jeter</u>, 486

U.S. 456, 461 (1988).  The Second Circuit has found that "the fit between the challenged

regulation need only be substantial, 'not perfect.'"    <u>Kachalsky</u>, 701 F.3d at 97 (quoting

<u>Marzzarella</u>, 614 F.3d at 97).

With regard to licensing firearms, the Second Circuit has held that "New York has

substantial, indeed compelling, governmental interests in public safety and crime prevention."

<u>Kachalsky</u>, 701 F.3d at 97 (citation omitted), <u>Schall v. Martin</u>, 467 U.S. 253, 264 (1984); <u>Hodel</u>

<u>v. Virginia Surface Mining & Reclamation Ass'n</u>, 452 U.S. 264, 300 (1981); <u>Kuck v. Danaher</u>,

600 F.3d 159, 166 (2d Cir. 2010)); <u>Corbett v. City of N.Y.</u>, 2019 U.S. Dist. LEXIS 10, *25

(S.D.N.Y. 2019).

Even more significantly, Courts have recognized the inextricable link between domestic violence and gun violence.  See Torcivia v. Suffolk Cty., 409 F. Supp. 3d 19, 33 (E.D.N.Y. 2019)(finding that the government has a compelling interest in ensuring that individuals involved in domestic disputes … do not have access to firearms); Skoien, 614 F.3d at 643 ("That firearms cause injury or death in domestic situations also has been established.") U.S. v. Staten, 666 F. 3d 154, 167 (4th Cir. 2011).  In fact, just recently, the Eastern District held that, "Nassau County's interpretation of NYPL § 400.00(11), as in, that it can seize firearms, including longarms, at any time, is substantially related to the important government interest of preventing domestic violence." Henry, 2020 U.S. Dist. LEXIS 43371 *25.

The challenged provisions clearly relate to an important governmental objective. In adopting the requirement that rifles and shotguns be licensed in New York City, the City Council's Committee on City Affairs stated in its November 2, 1967 Report that:

> [T]here presently exists an evil in the misuse of rifles and shotguns by criminals and persons not qualified to handle said weapons. The ease whereby some criminals acquire rifles and shotguns for use in the commission of a crime, which often results in murder, is of great concern to our society and this committee.

See People v. Simmons, 125 Misc. 2d at 121.

In fact, the Courts in this Circuit have held that the nearly identical provisions set forth in Penal Law § 400.00(1) and RCNY § 5-10 with respect to the licensing of firearms, withstand intermediate scrutiny because they substantially relate to an important governmental objective. See Toussaint, 2018 U.S. Dist. LEXIS 152985 at *15; Mishtaku, 2015 U.S. Dist. LEXIS 193797 at *8 ("Within this framework, I follow the logic adopted by courts in this and other Circuits and find that NYPL § 400.00(1) and 38 RCNY § 5-10, which require an inquiry into a pistol license applicant's ability to possess a handgun safely, substantially relate to New York's public safety goals, and that there is a reasonable fit between these laws and those goals.").  These decisions

are premised upon the fact that Penal Law § 400.00(1) and 38 RCNY § 5-10 are designed to prevent gun violence and gun-related crimes, in light of New York's substantial and compelling governmental interests in public safety and crime prevention. Kachalsky, 701 F.3d at 97; see Schall v. Martin, 467 U.S. 253, 264 (1984); Hodel, 452 U.S. at 300; Kuck, 600 F.3d at 166.  For the same reasons, the challenged rifle/shotgun provisions substantially relate to the important governmental objective of public safety.

Further, the challenged rifle/shotgun provisions set forth an inquiry into a rifle/shotgun permit applicant's ability to possess a rifle and/or shotgun safely, thereby providing a reasonable fit between the regulation and those government interests. "By permitting a licensing official to make a case-by-case, individualized determination as to an individual's fitness to hold a license, these provisions permit the government to more narrowly prescribe the circumstances under which an individual's Second Amendment rights may be burdened." Torcivia, 409 F. Supp. 3d at 38; see also Henry, 2020 U.S. Dist. LEXIS 43371 at *23-4.

For the same reasons that plaintiff fails to state a Second Amendment claim regarding Admin. Code §10-303 and 38 RCNY § 3-03 each as a whole, he also fails to state a claim with regard to Admin. Code §§ 10-303(a)(2), (6), (7), (9) and (g) and 38 RCNY §§ 3-303(f) and (g) taken separately and as-applied to him.  First, the License Division did not cite Admin. Code §§ 10-303(a)(6), (7) or (g) in its decision to deny plaintiff's Application. Furthermore, in making a determination on an application for a rifle/shotgun license, the City has a substantial interest in ensuring that licenses are granted to those who are "law-abiding, responsible citizens" and in ensuring public safety and crime prevention.   An examination of the applicant's prior interactions with law enforcement, including potential criminal behavior, particularly domestic

15

violence, as allowed for pursuant to Admin. Code §§ 10-303(a)(2), (6), (7), (9) and (g) and 38 RCNY §§ 3-303(f) and (g), is entirely connected to this determination.

Each of these challenged rifle/shotgun provisions provide for the consideration of the applicant's own past behaviors that demonstrate whether the applicant has shown a regard for public safety and/or ability to abide by the laws and regulations required to hold a license. There is a reasonable connection between the government's substantial interest in protecting public safety and crime prevention, and denying an application for a rifle/shotgun permit to someone with plaintiff's history of domestic violence, i.e., someone named as the perpetrator in two domestic violence incidents, one of which involved allegations of physical violence, and one which involved threats of physical violence. Comp. at ¶¶24-6, 39-40.  These factors, particularly considering the inextricable link between gun violence and domestic violence, cast strong doubt on plaintiff's ability to abide by laws and regulations, responsibly hold a license, and act consistently with public safety.  The fact that the orders of protection against plaintiff had been vacated, that he has had no domestic violence related convictions, or that years have passed since the alleged domestic violence incidents, do not support plaintiff's as-applied challenge.  Those who commit domestic violence often end up with no convictions.  See Skoien, 614 F.3d at 643. Indeed, it is clear that a licensing officer may consider behavior or events that did not result in an adjudication or conviction when making licensing decisions.  See Weinstein, 386 F.Supp.3d (dismissing Second Amendment claim where police confiscated firearms as part of response to domestic incidents, prior to any adjudication of the charge); Corbett, 2019 U.S. Dist. LEXIS 10 (finding that licensing officer may ask whether the applicant was fired from a job, used narcotics, or gave sworn testimony as part of the background check for a firearm license); Napolitano, 2019 U.S. Dist. LEXIS 14864 (dismissing Second Amendment claim where plaintiff's firearm license

was suspended due to an order of protection, and was not reinstated after the order of protection was dismissed); Aron, 48 F.Supp.3d (licensing officer may deny a handgun license based upon applicant's argumentative and aggressive behavior toward the officer); Moreno, 2011 U.S. Dist. LEXIS 76129 (SDNY May 6, 2011) (finding licensing officer may consider domestic incident history and false statements made on the application).

The denial and revocation of a rifle/shotgun license based on an arrest and/or order of protection history have been upheld numerous times.  See Waskiewicz v. New York City Police Dep't, 211 A.D.2d 603 (1st Dep't 1995), Matter of Tolliver v. Kelly, 41 A.D.3d 156 (1st Dep't 2007)(upholding denial of reapplication of a pistol license on basis of arrest for disorderly conduct resulting in a conditional discharge); Matter of Ostrowski v. City of New York, 55 A.D.3d 471 (1st Dep't 2008)(holding it was proper to consider circumstances surrounding arrest and issuance of order of protection in revoking rifle/shotgun license).  Moreover, "there is no evidence that passage of time makes domestic abusers less prone to violence and there is significant evidence that domestic abusers reoffend at significant rates."  Harley v. Barr, 2019 U.S. Dist LEXIS 66056, *13 (E.D.Va. 2019)(upholding lifetime ban on possession of a firearm pursuant to 18 U.S.C. § 922(g)(9) based on a misdemeanor domestic violence conviction in face of challenge by man with one such conviction thirty years earlier); see also U.S. v. Chovan, 735 F.3d 1127 (9th Cir. 2013).  Accordingly, the License Division's determination that plaintiff could not safely possess a rifle or shotgun reasonably conforms to New York's important interest in public safety and crime prevention, particularly domestic violence, and plaintiff's claim that the challenged provisions are unconstitutional as applied to him fails.

**C.     Plaintiff's Facial Challenge To the Challenged Rifle/Shotgun Provisions Fails**

"A facial challenge to a legislative Act is … the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which

the Act would be valid." <u>U.S. v. Jimenez</u>, 2016 U.S. Dist. LEXIS 73169 *3 (S.D.N.Y. 2016) quoting <u>United States v. Salerno</u>, *481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)*. "Facial invalidation 'is, manifestly, strong medicine' that 'has been employed by the Court sparingly and only as a last resort.'" <u>Id</u>. quoting <u>Broadrick v. Oklahoma</u>, 413 U.S. 601, 613 (1973); <u>see also</u> <u>Amidon v. Student Ass'n</u>, 508 F.3d 94, 98 (2d Cir. 2007); <u>Congregation Rabbinical Coll. of Tartikov, Inc., v. Vill. of Pomona</u>, 280 F. Supp. 2d 426, 446 (S.D.N.Y. 2017). Plaintiff has failed to meet this high burden.

As set forth above, plaintiff has failed to establish that the challenged provisions are unconstitutional as-applied to him. Accordingly, his facial challenge must fail as well. "It is well settled 'that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court.'" <u>Kachalsky</u>, 701 F.3d at 101, quoting <u>Broadrick v.Oklahoma</u>, 413 U.S. 601, 610 (1973).

**POINT III**

**THE CHALLENGED PROVISIONS DO NOT VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS**

To the extent plaintiff alleges that defendants denied his constitutional procedural due process rights, plaintiff's claim fails as a matter of law. Compl. ¶ 20. Procedural due process requires notice and an opportunity to be heard<u>See Mullane v. Central Hanover Bank & Trust Co</u>., 339 U.S. 306, 314 (1950). In determining whether an individual has suffered a deprivation of procedural due process, the threshold question is whether that person has been deprived of a liberty or property interest that is subject to due process protection. <u>See Board of Regents v. Roth</u>, 408 U.S. 564, 569-70 (1972). To have a protected property interest in a benefit or status, an individual must have a "legitimate claim of entitlement" to that benefit or status, based upon

applicable provisions of law.  Id at 577.  A mere hope or expectation that a benefit will subsequently issue is not an interest which triggers due process protection.  See DLC Mgmt. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998).  Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law…."  Roth, 408 U.S. at 577.

As plaintiff has failed to allege that he has been deprived of a protected property interest, his claim that his due process rights have been violated must be dismissed.  Plaintiff is not challenging the revocation of a rifle/shotgun license that he possessed, but is instead challenging the denial of a future license.  It is well-settled in this Circuit that there is no property interest in a future handgun license.  See Spinelli v. City of New York, 579 F.3d 160, 169 (2d Cir. 2009); Toussaint, 2018 U.S. Dist. LEXIS at *16. As rifles and shotguns are licensed in New York City in a similar manner as handguns, the same principle applies to future rifle/shotgun licenses. As with handguns, the License Division has discretion as to whether or not to issue a rifle/shotgun license.  "A benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzalez, 545 U.S. 748, 756 (2005).  Plaintiff fails to cite any authority in support of his claim that he has a protected property interest in a future rifle/shotgun license. Instead, plaintiff appears to improperly conflate his reading of Heller and McDonald with the creation of a property interest in a future rifle/shotgun license.  Neither Heller nor McDonald supports such a claim.

Moreover, even assuming plaintiff had a property interest in the license he sought, he was provided with notice and an opportunity to be heard.  After his Application was denied, plaintiff availed himself of the License Division's internal appeal process.   Compl. at ¶ 33-6. Furthermore, as a matter of law, plaintiff was afforded all of the process he was due by the

availability of a proceeding challenging said denial pursuant to CPLR Article 78. <u>See</u> <u>El ex rel</u>

<u>Letite v. DeProspo</u>, 2019 U.S. Dist. LEXIS 204672 *10 (S.D.N.Y. 2019); <u>Corbett</u>, 2019 U.S.

Dist. 100657 *14; <u>Sibley</u>, 2020 U.S Dist. LEXIS 88143 *31-2.

Plaintiff's claim that state law does not prohibit nor contemplate the prohibition of

firearm possession "based on an arrest, unadjudicated charges, petty summonses, or traffic

infractions" is belied by the plain language in Penal Law 400.00(1). <u>See</u> Compl. at ¶112.  The

Penal Law does not restrict the consideration of what constitutes "good moral character" or

"good cause" to circumstances that involve a form of legal process.  As set forth above, courts

have recognized that a licensing officer may consider behavior or events that did not even result

in an adjudication or conviction when making licensing decisions.  <u>See</u> Point II(B)(ii) <u>supra</u>.

To the extent plaintiff claims that the challenged rifle/shotgun provisions are

unconstitutional on their face, this claim fails.  The availability of an administrative appeal as

well as an Article 78 proceeding defeats any possible claim by plaintiff that the challenged laws

and rules result in a denial of due process under any circumstance.  <u>See</u> <u>Salerno</u>, 481 U.S. at 745.

**POINT IV**

**THIS COURT SHOULD NOT EXERCISE**
**SUPPLEMENTAL JURISDICTION OVER**
<u>**PLAINTIFF'S PREEMPTION CLAIM**</u>

Plaintiff additionally argues that the challenged provisions are preempted by New

York State Penal Law § 400.00.  Since plaintiff's federal claims fail to state a claim for the

reasons set forth in Points I-III, <u>infra</u>, this Court should decline to exercise supplemental

jurisdiction over plaintiff's state law claim and it should be dismissed.

District Courts may decline to exercise supplemental jurisdiction if the court has

dismissed all claims over which it has original jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3).  Further,

supplemental jurisdiction is rarely appropriate where the federal claims have been dismissed on a

20

motion.  See Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); Giordano v. City of New York, 274 F.3d 740, 754-755 (2d Cir. 2001); 24 Hour Fuel Oil Corp. v. Long Island Rail Road Co., 903 F. Supp. 393, 399 (E.D.N.Y. 1995).  "Certainly, if the federal claims are dismissed before trial,… the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 437 (2d Cir. 2011).  In particular, District Courts decline to exercise supplemental jurisdiction where state law claims "raise a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1); see also Carver v. Nassau County Interim Finance Authority, 730 F.3d 150, 154-55 (2d Cir. 2013) (declining to exercise pendent jurisdiction, where "the construction of the provision of [the statute] at issue raises an unresolved issue of state law . . . that should be resolved by the New York state courts because the manner in which the statute is construed implicates significant state interests"); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 124 (2d Cir. 2006) ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.") (collecting cases).

Here, plaintiff's claims that the challenged provisions are preempted by state law raise a novel issue of state law, i.e., whether the licensing provisions for rifles and shotguns set forth in the Admin. Code are preempted by Penal Law § 400.  In the absence of any federal claims, this determination should be made by New York State courts.

## POINT V

## THE CHALLENGED PROVISIONS ARE NOT
## PREEMPTED BY STATE LAW

Should the Court exercise supplemental jurisdiction over plaintiff's claim that the challenged provisions are preempted by N.Y. Pen. Law § 400.00, this claim fails.

**A.    Preemption Under New York Law**

Article IX, § 2(c)(i) of the New York Constitution and Municipal Home Rule Law ("MHRL") § 10(1)(i) grant local governments the "power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government."  Generally, local laws enjoy a strong presumption of constitutionality. Lighthouse Shores, Inc. v. Town of Islip, 41 N.Y. 2d 7 (1976).  A local law enacted pursuant to the broad police powers granted by the N.Y. Constitution and MHRL may be invalidated as inconsistent with State law only if the local law expressly conflicts with the State law or the State has "clearly evinced a desire to preempt an entire field thereby precluding any further local regulation."  Metro. Funeral Dirs. Ass'n. v. City of N.Y., 702 N.Y.S.2d 526, 530 (Sup. Ct., N.Y. Co. 1999) (quoting Jancyn Mfg. Corp. v. Co. of Suffolk 71 N.Y.2d 91, 97 (1987)).  "If a town or other local government is otherwise authorized to legislate, it is not forbidden to do so unless the State, expressly or impliedly, has evinced an unmistakable desire to avoid the possibility that the local legislation will not be on all fours with that of the State."  People v. New York Trap Rock Corp. 57 N.Y.2d 371, 378 (1982).

The New York Court of Appeals has held that "State preemption occurs in one of two ways--first, when a local government adopts a law that directly conflicts with a State statute and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility."  DJL Rest. Corp. v. City of New York, 96 N.Y.2d 91, 95 (2001).

The second category, field preemption, may be explicit or implicit.  Id.  Implicit field preemption may be found from the fact that the legislature enacted a comprehensive and detailed regulatory scheme in a particular area.  Id. Plaintiff cannot plausibly allege preemption with regard to the challenged provisions and N.Y. Pen. Law § 400.00.

**B.**     **No Preemption Exists in this Case**

Plaintiff proceeds under a theory of implicit field preemption, as he does not allege that any statement within the Penal Law or state policy explicitly reserves all regulatory responsibility with respect to rifle/shotgun licensing for the State.  See Compl. at ¶¶ 132-150, 180-2.  Plaintiff's implicit field preemption claim is faulty, however, as he fails to adequately allege that the State has enacted a detailed and comprehensive regulatory scheme such that the State intended to occupy the field of rifle and shotgun licensing to the exclusion of municipalities.   Instead, plaintiff bases his argument on the "comprehensive and detailed regulatory language and scheme of" Penal Law §400.00 applicable to "firearms," not rifles and shotguns. See Compl. at ¶64. Indeed, as plaintiff acknowledges, the Penal Law does not contain a comprehensive and detailed regulatory scheme with respect to rifles and shotgun licenses at all.[2] Compl. at ¶72-3.  Consequently, plaintiff's preemption claim must be dismissed.

Furthermore, plaintiff's argument that the State's mere silence with respect to the licensing of rifles and shotguns is indicative of the State's intention to preempt the field of laws and rules pertaining to the licensing and regulation of rifles and shotgun is unsupported by prevailing law.  "Any time that the State law is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State.

---

[2] Plaintiff's reliance on the N.Y. Appellate Division's decision in Matter of Chwick v. Mulvey, 81 A.D.3d 161 (2010) is misplaced in that Chwick involved a challenge to a regulation in Nassau County that prohibited handguns, which are licensed pursuant to Penal Law § 400 et seq., unlike rifles and shotguns.  Accordingly, Chwick is wholly inapposite to the instance matter.

That is the essence of home rule." <u>People v. Cook</u>, 34 N.Y. 2d 100, 109 (1974).  Moreover, the fact that rifles and shotguns are referenced in other sections of the Penal Law does not result in the challenged provisions being preempted. "The mere fact that a local law may deal with some of the same matters touched upon by State law does not render the local law invalid." <u>People v. Judiz</u>, 38 N.Y.2d 529, 531 (1976) (finding no preemption where the Penal Law criminalizes possession of a toy gun with intent to use unlawfully, but the Administrative Code makes it unlawful to simply possess certain toy guns without requiring an element of intent); <u>see also</u> <u>Monroe-Livingston Sanitary Landfill, Inc. v. Caledonia</u>, 51 N.Y. 2d 679, 683 (1980).

Similarly, plaintiff's claim that preemption is supported by the need for uniformity is also contrary to the relevant statutory and case law.  New York City, with its dense population, occupies a much different realty than most of the rest of the state with respect to gun violence, and accordingly, has different needs with respect to gun regulations. <u>See</u> <u>City of New York v. Beretta</u>, 315 F. Supp. 2d 256, 273 (E.D.N.Y. 2004); <u>see also</u> Penal Law §400.00(6)(carry license issued outside of City not valid in City unless validated by New York City Licensing Officer).

Furthermore, plaintiff's argument that absolute uniformity in gun regulations was intended by the legislature is belied by the fact that Pen. Law § 400.00 specifically contemplates that firearm licensing, including the investigation into the applicant's criminal history and "moral character," will be administered locally. <u>See</u>, <u>e.g.</u>, <u>Kachalsky</u>, 701 F.3d at 87 (<u>citing</u> N.Y. Pen. Law § 400.00(1)-(4)); <u>Bach v. Pataki</u>, 408 F.3d 75, 79 (2d Cir. 2005)  It is well-settled that N.Y. Pen. Law § 400 <u>et seq</u>. vests "considerable discretion" in local licensing officers to determine whether to issue a license to possess a firearm.  <u>See</u>, <u>e.g.</u>, <u>Kachalsky</u>, 701 F.3d at 87; <u>See also</u> <u>Weinstein v. Krumpter</u>, 386 F. Supp. 3d 220, 231 (E.D.N.Y. 2019); <u>Vale v. Eidens</u>, 290 A.D.2d 612, 613 (3d Dep't 2002); <u>Kaplan v. Bratton</u>, 249 A.D.2d 199, 201 (1st Dep't 1998); <u>Unger v.</u>

Rozzi, 206 A.D.2d 974 (4th Dep't 1994); Fromson v. Nelson, 178 A.D.2d 479, 479 (2d Dep't 1991).   Furthermore, courts have repeatedly rejected the argument that Penal Law § 265 preempts the field of weapons regulation.   See Judiz; People v. Stagnitto, 261 A.D.2d 890, 891 (4th Dep't 1999); People v. Ortiz, 125 Misc. 2d 318 (Crim. Ct. Bx Co. 1984)(upholding knife control law despite the inclusion of knives as dangerous weapons under article 265 of the Penal Law); Grimm v. New York, 56 Misc. 2d 525 (Sup. Ct. Qns. Co (special term) 1968) (finding law requiring a permit to possess a rifle or shotgun was not preempted by Penal Law 265 despite the fact that it "touches" on the possession of rifles and shotguns).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court grant their motion to dismiss the Amended Complaint, and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:          New York, New York
                July 22, 2022


                            James E. Johnson
                            Corporation Counsel
                               of the City of New York
                            *Attorney for Defendants*
                            100 Church Street
                            New York, New York 10007
                            (212) 356-2214 office
                            (646) 629-3118 cell
                            kdevine@law.nyc.gov


                            By:_____*Kerri A. Devine*__/s/_____
                                    Kerri A. Devine
                                    Assistant Corporation Counsel

cc:      Amy L. Bellantoni, Esq.
The Bellantoni Law Firm, PLLC
*Attorneys for Plaintiff*
2 Overhill Road, Suite 400
Scarsdale, New York 10583