21-398
*Taveras v. New York City*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 12 2022

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-two.

PRESENT:

      DEBRA A. LIVINGSTON,
          *Chief Judge*,
      DENNIS JACOBS,
      RICHARD J. SULLIVAN,
          *Circuit Judges*.

_____

ALAN TAVERAS,

        *Plaintiff-Appellant*,

v.                                                    No. 21-398

NEW YORK CITY, NEW YORK, JONATHAN DAVID, in his official capacity as Director, NYPD License Division, ASIF IQBAL, in his official capacity as Executive Director, License Division Rifle/Shotgun Section,

CERTIFIED COPY ISSUED ON 07/12/2022

DERMOT SHEA, in his official capacity as
Police Commissioner, and all successors
therein,

      *Defendants-Appellees.*\*

_____

**FOR PLAINTIFF-APPELLANT:**    AMY L. BELLANTONI, The Bellantoni Law Firm, PLLC, Scarsdale, NY.

**FOR DEFENDANTS-APPELLEES:**    ZACHARY S. SHAPIRO (Richard Dearing, Claude S. Platton, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

In approximately 2018, Alan Taveras applied for a license to possess a rifle or shotgun for self-protection at his residence in the Bronx, New York. Licensing officers within the New York City Police Department denied Taveras's

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

application, citing his August 2011 arrest for domestic violence, a corresponding order of protection against him, and a November 2011 domestic violence complaint against him by the same victim. The order of protection expired in February 2012, and the criminal charges were ultimately dropped.

Following the denial of his application for a rifle or shotgun license, Taveras brought this action in the United States District Court for the Southern District of New York. He alleged that the Second Amendment to the United States Constitution protects his right to keep a rifle or shotgun at his residence, and he sought, among other forms of relief, an injunction barring New York City (the "City") from denying a license because of an applicant's "history" of domestic violence and orders of protection when none of these incidents resulted in conviction. *See, e.g.*, 38 Rules of City of N.Y. § 3-03(a), (f), (g), (n) (setting forth various grounds, all potentially applicable to Taveras, for denial of a license).

The district court dismissed Taveras's suit. Applying what was then the law of this Circuit, the district court explained that the challenged regulations do not burden what we have held to be "the 'core' protection of the Second Amendment," which "is the 'right of law-abiding, responsible citizens to use arms in defense of hearth and home,'" because the City's regulations restricting firearm

3

access for those with a history of domestic violence burden only those who are *not* law-abiding and responsible. *Kachalsky v. County of Westchester*, 701 F.3d 81, 93 (2d Cir. 2012) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 634–35 (2008)). Consistent with the second step of the analysis dictated by this Court's prior precedent, the district court proceeded to apply intermediate scrutiny to the licensing provisions at issue. *See United States v. Jimenez*, 895 F.3d 228, 234 (2d Cir. 2018). Ultimately, the district court held that the City's regulations easily satisfy intermediate scrutiny because they are appropriately tailored toward achieving the City's important public-safety interest in keeping firearms out of the hands of those with histories of domestic violence.

After this appeal was briefed and argued, however, the Supreme Court clarified the scope of the Second Amendment and how Second Amendment claims are to be evaluated. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, slip op. (U.S. June 23, 2022). In so doing, the Supreme Court expressly rejected the two-part test that this Circuit – and many others – had been applying to Second Amendment claims. *See id.*, slip op. at 8. Instead, the Supreme Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then

4

justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, slip op. at 15. Because neither the district court nor the parties' briefs anticipated and addressed this new legal standard, it is appropriate for us to vacate the district court's judgment and remand the case for the district court to reconsider Taveras's claim, applying in the first instance the standard articulated by the Supreme Court in *Bruen*. *See, e.g.*, Remand Order, *Trump v. Deutsche Bank AG*, No. 19-1540 (2d Cir. Dec. 14, 2020), ECF No. 283 (remanding, following an intervening change in law, for the district court to apply the new legal standard in the first instance).

For the foregoing reasons, we hereby **VACATE** the judgment of the district court and **REMAND** the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5