20 CV 01200 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN TAVERAS,

                              Plaintiff,

-against-

NEW YORK CITY, New York, KEECHANT SEWELL, in her official capacity as NYPD Police Commissioner, and all successors,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT ("SAC") PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Kerri A. Devine*
   *Tel: (212) 356-2214*
   *Matter No.: 2020-015617*

# TABLE OF CONTENTS

**<u>Page</u>**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

REGULATORY BACKGROUND ............................................................................................ 2

ARGUMENT

      POINT I

            PLAINTIFF LACKS STANDING, IN PART ..........................................2

      POINT II

            PLAINTIFF'S CLAIMS FOR DECLARATORY
            AND INJUNCTIVE RELIEF ARE MOOT ............................................5

CONCLUSION ............................................................................................................................ 9

| **Statutes** | **Pages** |
|---|---|

## TABLE OF AUTHORITIES

| **Cases** | **Pages** |
|---|---|

Alharbi v. Miller,
    No. 19-1570-cv, 2020 U.S. App. LEXIS 36194
    (2d Cir. Nov. 17, 2020)..................................................................................................7

Already, LLC v Nike, Inc.,
    568 U.S. 85 (2013).....................................................................................................6, 7

Alvarez v. Smith,
    558 U.S. 87 (2009)..........................................................................................................6

Amador v. Andrews,
    655 F.3d 89 (2d Cir. 2011)..............................................................................................6

Arizonans for Official English v. Arizona,
    520 U.S. 43 (1997)..........................................................................................................6

Azim v. Vance,
    530 F App'x 44 (2d Cir. 2013) ...................................................................................6, 7

Fed. Defenders of NY, Inc. v. Fed. Bur. of Prisons,
    954 F.3d 118 (2d Cir. 2020)............................................................................................7

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000)........................................................................................................6

Jennifer Matthew Nursing & Rehab. Ctr. v. United States HHS,
    607 F.3d 951 (2d Cir. 2010)............................................................................................6

Knife Rights v. Vance,
    802 F.3d 377 (2d Cir. 2015)............................................................................................3

Knox v. Serv. Emps. Int'l Union, Local 1000,
    567 U.S. 298 (2012)........................................................................................................7

Lewis v. Cont. Bank Corp.,
    494 U.S. 472 (1990)........................................................................................................8

Libertarian Party v. Cuomo,
    970 F.3d 106 (2d Cir. 2020).......................................................................................6, 7

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992)....................................................................................................3, 6

**Statutes**                                                                                 **Pages**

Massachusetts v. EPA,
    549 U.S. 497 (2007).................................................................................................6

Milwaukee Police Ass'n v Bd. of Fire & Police Commrs. of Milwaukee,
    708 F.3d 921 (7th Cir. 2013) ...................................................................................6

N.Y. State Rifle & Pistol Ass'n v. City of New York,
    140 S. Ct. 1525 (2020)...........................................................................................8

Preiser v. Newkirk,
    422 U.S. 395 (1975)...............................................................................................7

Selevan v. New York Thruway Auth.,
    711 F.3d 253 (2d Cir. 2013) (per curiam)...............................................................3

Taveras v. New York City,
    20 CV 1200, 2021 U.S. Dist. LEXIS 9618
    (S.D.N.Y. Jan. 19, 2021)....................................................................................4, 5

W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP,
    549 F.3d 100 (2d Cir. 2008)....................................................................................3

Warth v. Seldin,
    422 U.S. 490 (1975)................................................................................................3

**Statutes**

38 RCNY § 3-01 .............................................................................................................3, 5

38 RCNY § 3-02 .............................................................................................................3, 5

38 RCNY § 3-03 .............................................................................................................2, 5

38 RCNY§ 3-03(a)-(e)........................................................................................................2

38 RCNY § 3-03(f) .........................................................................................................2, 5

38 RCNY § 3-03(g) ........................................................................................................2, 5

38 RCNY§ 3-03(h)-(n) .......................................................................................................2

38 RCNY § 3-04 .............................................................................................................3, 5

38 RCNY § 3-05 .............................................................................................................3, 5

38 RCNY § 3-06 .............................................................................................................3, 5

| **Statutes** | **Pages** |
|---|---|

38 RCNY § 3-07 ................................................................................................................3, 5

38 RCNY § 3-08 ................................................................................................................3, 5

38 RCNY § 3-09 ................................................................................................................3, 5

38 RCNY § 3-10 ................................................................................................................3, 5

38 RCNY § 3-11 .................................................................................................................3, 5

38 RCNY § 3-12 ................................................................................................................3, 5

38 RCNY § 3-13 ................................................................................................................3, 5

38 RCNY § 3-14 ................................................................................................................3, 5

38 RCNY § 3-15 ................................................................................................................3, 5

38 RCNY § 5-10(f) ..................................................................................................................2

38 RCNY § 5-10(g) .................................................................................................................2

38 RCNY § 3010 .....................................................................................................................3

Admin. Code § 10-302.1 .................................................................................................2, 3, 4

Admin. Code § 10-302.1(a) .....................................................................................................3

Admin. Code § 10-302.1(b) .....................................................................................................4

Admin. Code § 10-302.1(c) .....................................................................................................3

Admin. Code § 10-302.1(d) .....................................................................................................3

Admin. Code § 10-302.1(e) .....................................................................................................3

Admin. Code § 10-302.1(f) ......................................................................................................4

Admin. Code § 10-302.1(g) .....................................................................................................4

Admin. Code § 10-302.1(h) .....................................................................................................4

Admin. Code § 10-302.1(i) ......................................................................................................4

Admin. Code § 10-303 .........................................................................................................2, 4

Admin. Code § 10-303(2) ........................................................................................................2

**Statutes**                                                          **Pages**

Admin. Code § 10-303(9) ............................................................................................2

Admin. Code § 10-303(a)(1) ........................................................................................2

Admin. Code § 10-303(a)(2) .....................................................................................2, 4

Admin. Code § 10-303(a)(3)-(8) ..................................................................................2

Admin. Code § 10-303(a)(6) ........................................................................................4

Admin. Code § 10-303(a)(7) ........................................................................................4

Admin. Code § 10-303(a)(9) .....................................................................................2, 4

Admin. Code § 10-303(b)-(h) ......................................................................................2

Admin. Code § 10-303(g) ............................................................................................4

Admin. Code § 10-304 .................................................................................................5

Admin. Code § 10-306 .................................................................................................4

Admin. Code § 10-306(a) .........................................................................................2, 4

Admin. Code § 10-306(b) .........................................................................................2, 4

Admin. Code § 10-306(d) ............................................................................................5

Admin. Code § 10-306(e)-(h) ...................................................................................2, 4

Fed. R. Civ. P. 12(b)(1) ................................................................................................1

Penal Law § 265.00(3) .................................................................................................3

Penal Law § 265.00(11) ...............................................................................................3

Penal Law § 265.00(12) ...............................................................................................3

**Other Authorities**

U.S. Constitution Article III, § 2 .................................................................................6

## PRELIMINARY STATEMENT

Defendants New York City ("City"), and Keechant Sewell in her official capacity as New York City Police Department ("NYPD") Commissioner, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to plaintiff's lack of standing and mootness.

This case stems from the NYPD's License Division's determination denying plaintiff's application ("Application") for a rifle and/or shotgun permit ("rifle/shotgun permit"). After an investigation, plaintiff's Application was denied (the "Denial") based upon plaintiff's history of orders of protection issued against him and allegations of domestic violence. See Declaration of Kerri A. Devine dated November 17, 2022 ("Devine Dec."), at Exhibit "A." On October 25, 2022, however, the License Division issued plaintiff a rifle/shotgun permit. Id. at ¶ 4.

As a result of the prior Denial, plaintiff now challenges the constitutionality of numerous provisions the New York City Administrative Code ("Admin. Code") and Rules of the City of New York ("RCNY") relating to the licensing of rifles and shotguns, many of which had no bearing on the Denial. Thus, in accordance with a decision previously issued by this Court in this action, plaintiff lacks standing to challenge all but those rules and provisions of law which bore on the Denial.

Furthermore, to the extent plaintiff seeks injunctive and declaratory relief with respect to the rules and sections of law he does have standing to challenge, his claims are moot. As plaintiff has already been issued a rifle/shotgun permit, the granting of an injunction or declaratory judgment can no longer provide effectual relief. Thus, plaintiff's claims for such relief must be denied as moot.

## REGULATORY BACKGROUND

Admin. Code § 10-303 sets for the circumstances under which an application for a rifle/shotgun permit may be denied. It provides, in pertinent part:

> a. Requirements. No person shall be denied a permit to purchase and possess a rifle or shotgun unless the applicant:
>
> \*\*\*
>
> (2) is not of good moral character; or
>
> \*\*\*
>
> (9) unless good cause exists for the denial of the permit.

Section 3-03 of title 38 of the RCNY sets forth the criteria to be considered when determining whether an applicant satisfies the criteria set forth in Admin. Code §§ 10-303 (2) and (9), i.e., is of good moral character or if good cause exists for the denial of the rifle/shotgun permit application. 38 RCNY §§ 3-03(f) and (g) provide for consideration of whether the applicant is the subject of an order of protection or a temporary order of protection or has a history of one or more incidents of domestic violence. See 38 RCNY §§ 5-10(f), (g).

## ARGUMENT

### POINT I

### PLAINTIFF LACKS STANDING, IN PART

Plaintiff's application for a rifle/shotgun permit was denied pursuant to Admin. Code §§ 10-303(a)(2) and (9) based on the factors set forth in 38 RCNY §§ 3-03(f) and (g). Devine Dec., Exhibit "A." In his Second Amended Complaint, however, plaintiff again challenges numerous rules and provisions of law not relevant to the denial of his application for a rifle/shotgun permit. Specifically, Admin. Code §§ 10-302.1, 10-303(a)(1), (3) through (8), and (b) through (h), 10-306 (a), (b) and (e) through (h), 38 RCNY§ 3-03 subsections (a) through (e) and (h) through (n), as well as 38 RCNY §§ 3-01, 3-02, 3-04, 3-05, 3-06, 3-07, 3-08, 3-09, 3-10, 3-11, 3-12, 3-13, 3-14

2

and 3-15 had no bearing on the Denial. Therefore, plaintiff's claims with respect to them must be dismissed for lack of standing.

To establish Article III standing, plaintiff must demonstrate: "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." Selevan v. New York Thruway Auth., 711 F.3d 253, 257 (2d Cir. 2013) (per curiam) (quoting W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP, 549 F.3d 100, 106–07 (2d Cir. 2008)); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Furthermore, "[f]or an alleged injury to support constitutional standing, it "must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Knife Rights v. Vance, 802 F.3d 377, 383 (2d Cir. 2015)(citations omitted). In addition to these constitutional requirements, there are prudential considerations to determine standing, which include that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975) (citations omitted).

Plaintiff lacks standing to seek a declaration that Admin. Code § 10-302.1 is unconstitutional and to enjoin its enforcement. See SAC at ¶¶ 95, 107 and "WHEREFORE" clause. Admin. Code §§ 10-302.1 (a), (c), (d), (e) are specific to dealers of firearms and rifle/shotguns[1] and prohibit or relate to the prohibition of the sale or disposition of more than one firearm or rifle/shotgun in the same sales transaction or to an individual who has purchased a

---

[1] Rifles and shotguns, also known as longarms, are not defined as firearms by the Penal Law. See Penal Law §§ 265.00 (3), (11), (12)

3

firearm or rifle/shotgun in the previous 90 days. Administrative Code § 10-302.1(b) prohibits an individual from acquiring a firearm or rifle/shotgun if such individual has acquired a firearm or rifle/shotgun in the previous 90 days. There are no allegations in the SAC, however, that plaintiff is a firearms or rifle/shotgun dealer or that he sought or intends to sell or acquire more than two firearms or rifle/shotguns in the same transaction or within 90 days of each other. Subsections (f), (g), (h) and (i) of Admin. Code § 10-302.1 pertain, respectively, to exceptions to, transactions exempt from, and penalties for violations of Admin. Code §§ 10-302.1, and relevant rulemaking authority. Consequently, they are similarly irrelevant to the denial of plaintiff's application for a rifle/shotgun license. Accordingly, plaintiff has not suffered an injury-in-fact traceable to Admin. Code §§ 10-302.1 and thus lacks standing to challenge it.

Plaintiff also challenges the entirety of Admin. Code § 10-303. As this Court previously held, plaintiff lacks standing to challenge Admin. Code §§ 10-303(a)(6), (7) and (g) as they "played no role" in the denial of plaintiff's rifle/shotgun application. Taveras v. New York City, 20 CV 1200, 2021 U.S. Dist. LEXIS 9618 *11 (S.D.N.Y. Jan. 19, 2021); SAC at ¶¶ 25-27. For the same reasons, plaintiff also lacks standing to challenge all but subsections (a)(2) and (9) of Admin. Code § 10-303, as they are the only subsections that set forth the factors upon which the denial of plaintiff's rifle/shotgun application was based. SAC at ¶ 25.

Plaintiff similarly lacks standing to challenge Admin. Code § 10-306, which pertains to the disposition, purchase and possession of ammunition and ammunition feeding devices. Subsections (a) and (b) specifically address ammunition feeding devises "capable of holding more than five rounds." Plaintiff does not allege that he attempted or intends to acquire or possess such a device. Plaintiff also lacks standing to challenge Admin. Code §§ 10-306 (e) through (h) as they pertain

4

to record keeping by ammunition dealers, pistols and revolvers, and special theatrical permittees and dealers, none of which are relevant to the Denial.

Plaintiff also improperly challenges the entirety of Chapter 3 of Title 38 of the RCNY. The only sections set forth in Chapter 3 that are relevant to the denial of plaintiff's rifle/shotgun license application are 38 RCNY §§ 3-03(f) and (g). SAC at ¶¶26. Plaintiff thus lacks standing to challenge the remaining subsections of 38 RCNY § 3-03 and the other sections of Chapter 3, which are entitled § 3-01 Introduction, § 3-02 Application for Permit, § 3-04 Right to Appeal Following Denial of Permit, § 3-05 Suspension or Revocation of Permit, § 3-06 Renewal of Permit, § 3-07 Possession and Registration of Permit, § 3-08 Change of Address, § 3-09 Lost or Stolen Documents and Rifles/Shotguns, § 3-10 Request to Cancel Permit, § 3-11 Purchase of Ammunition, § 3-12 Disposal of Rifles and Shotguns, § 3-13 Transfer of Rifles/Shotguns from and Estate, § 3-14 Supplemental Rules, § 3-15 Attestations Prior to Receipt of Permit.

As this Court has already held, plaintiff lacks standing to challenge all but the rules and sections of law that "played a role" in the denial of his rifle/shotgun permit application. Taveras, 2021 U.S. Dist. LEXIS 9618 *12. Thus, plaintiff's claims with respect to the numerous rules and sections of law challenged herein which played no role in the denial of plaintiff's rifle/shotgun permit application, and consequently, did not cause plaintiff any injury-in-fact, must be dismissed.

## POINT II

### PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE MOOT

Plaintiff's request for injunctive and declaratory relief must be denied as moot as plaintiff has been issued a rifle/shotgun permit.[2] Devine Dec. at ¶ 4. The Constitution limits the jurisdiction

---

[2] Plaintiff's challenge to Admin. Code § 10-306(d), prohibiting someone from possessing rifle or shotgun ammunition without a rifle/shotgun permit, and Admin. Code § 10-304 pertaining to

5

of federal courts to live cases or controversies. Article III, § 2; Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). Federal courts are not empowered to opine on "abstract dispute[s] about the law." Alvarez v. Smith, 558 U.S. 87 (2009). Where there is no live controversy, the related claims must be dismissed as moot. Jennifer Matthew Nursing & Rehab. Ctr. v. United States HHS, 607 F.3d 951, 956-57 (2d Cir. 2010).

In evaluating whether a litigant has a legally cognizable interest, courts look to principles of standing. Already, LLC v Nike, Inc., 568 U.S. 85, 91 (2013). The constitutional requirements of standing are three-fold: a litigant must (1) suffer a concrete and particularized, and actual or imminent injury-in-fact, (2) that is "fairly traceable" to the defendant's conduct, and (3) that is likely to be redressed by a favorable decision. Massachusetts v. EPA, 549 U.S. 497, 517 (2007) (citing Lujan, 504 U.S. at 560−61). As the Second Circuit has put it, "the standing doctrine evaluates a litigant's personal stake at the onset of a case" and "the mootness doctrine requires that 'standing persists throughout the life of a lawsuit.'" Azim v. Vance, 530 F App'x 44, 45−46 (2d Cir. 2013) (quoting Amador v. Andrews, 655 F.3d 89, 99 (2d Cir. 2011)); see also Libertarian Party v. Cuomo, 970 F.3d 106, 121 (2d Cir. 2020) (affirming, on mootness grounds, the district court's dismissal of the constitutional claims of plaintiffs who had been granted the handgun permits they sought during the course of proceedings).[3]

---

certificates of registration are also moot as now that plaintiff has been issued a rifle/shotgun permit he may now possess rifle or shotgun ammunition and can obtain a certificate of registration.

[3] Although the Supreme Court observed that the mootness-is-standing-in-time formulation is "not comprehensive" in Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190−92 (2000), circuit courts across the nation "continue to use the 'time frame' conception as a generally accurate description of the relationship between standing and mootness," outside of atypical cases, Milwaukee Police Ass'n v Bd. of Fire & Police Commrs. of Milwaukee, 708 F.3d 921, 929−30 (7th Cir. 2013) (collecting cases).

Defendants, however, "cannot automatically moot" a case "simply by ending [their] unlawful conduct once sued." Fed. Defenders of NY, Inc. v. Fed. Bur. of Prisons, 954 F.3d 118, 126−27 (2d Cir. 2020) (quoting Already, 568 U.S. at 91). Instead, depending on the circumstances, courts may also examine whether the allegedly unlawful conduct can reasonably be expected to recur. Id. However, as the Supreme Court explained in Already, in examining this question, courts may not "rely on theories of Article III injury that would fail to establish standing in the first place." Already, 568 U.S. at 96. Thus, if the named parties lose all "tangible interest" in the case, their claims become moot. Azim, 530 F App'x at 45−46 (dismissing taxi medallion licensees' Fourth and Fourteenth Amendment declaratory and injunctive claims as moot). The same is true if the threat of future injury is merely speculative. See Libertarian Party, 970 F.3d at 122.

The Second Circuit applied these principles in Alharbi v. Miller, in which a number of Yemeni visa applicants sued the federal government demanding that visas be issued to them. As to a number of the plaintiffs to whom the Government issued visas during the pendency of the case, this Court dismissed their appeal as moot because it would be "impossible for a court to grant any effectual relief" to them. No. 19-1570-cv, 2020 U.S. App. LEXIS 36194, at *2 (2d Cir. Nov. 17, 2020) (summary order) (quoting Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012)).[4]

The Court reached a similar result in precisely this context in Libertarian Party v. Cuomo, which addressed the "good moral character" requirement of the State's firearms licensing scheme. After the district court dismissed one of the plaintiff's claims as moot after he received his license after the start of litigation, he objected that his licenses might be revoked. See 930 F.3d at 122.

---

[4] Preiser v. Newkirk, 422 U.S. 395 (1975), is also instructive here. In Preiser, a prisoner who challenged his transfer to a maximum-security prison could no longer challenge the prison's policy after he was returned to the medium-security facility from which he was transferred.

7

But this Court affirmed on the ground that such fears were speculative and "insufficiently concrete to constitute an injury in fact." Id.  Similarly, the U.S. Supreme Court dismissed a challenge to a New York City rule regarding the transport of firearms as moot after the rule was amended and the challenged provision was removed.  N.Y. State Rifle & Pistol Ass'n v. City of New York, 140 S. Ct. 1525, 1526 (2020).

This analysis applies to plaintiff's sweeping facial challenge to the laws and rules relating to rifle/shotgun permits, not just his narrow request that he, personally, be allowed to possess a rifle/shotgun.  While his requested declaratory relief might redress some other hypothetical applicant's injuries, "the Article III question is not whether the requested relief would be nugatory as to the world at large, but whether [Taveras] has a stake in that relief." Lewis v. Cont. Bank Corp., 494 U.S. 472, 479−80 (1990).

As plaintiff has been issued a rifle/shotgun license, his claims for injunctive and declaratory relief can no longer be redressed by a favorable decision.  Accordingly, plaintiff's claims for injunctive and declaratory relief must be dismissed as moot.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant their motion to, in whole or in part, dismiss the Second Amended Complaint, and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           November 15, 2022

                            Hon. Sylvia O. Hinds-Radix
                            Corporation Counsel
                               of the City of New York
                            *Attorney for Defendants*
                            100 Church Street
                            New York, New York 10007
                            (212) 356-2214 office
                            kdevine@law.nyc.gov

By:     *Kerri A. Devine* /s/
           Kerri A. Devine
           Assistant Corporation Counsel

9