UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALAN TAVERAS,

                Plaintiff,                Case No.: 20 Civ. 1200 (KPF)

    -against-

                                    **DECLARATION OF**
                                    **ALAN TAVERAS**

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity as NYPD Police Commissioner,

                Defendants.
------------------------------------------------------x

    ALAN TAVERAS, declares pursuant to 28 U.S.C. §1746 that:

    1.    I am the plaintiff in the above-captioned matter. I am over the age of 21. I submit this Declaration in support of Plaintiffs' Cross-Motion for Summary Judgment and in Opposition to Defendants' Motion to Dismiss. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

    2.    I am not prohibited from possessing, purchasing, receiving, or transferring firearms under state or federal law.

    3.    I have never been convicted of a crime or any violation of the New York State Penal Law and am a law-abiding member of the community.

    4.    On December 1, 2017, I applied to the NYPD License Division for a license to lawfully possess and purchase rifles and shotguns ("Rifle/Shotgun License").

    5.    During the application process, I paid the filing fees associated with applying for a Rifle/Shotgun License and was fingerprinted by NYPD; the NYPD obtained my state and federal

fingerprint-based criminal history reports and was made aware that I had never been convicted of a crime, was not subject to an existing order of protection, and otherwise had no disqualifying events or conditions preventing my lawful possession of firearms under state or federal law.

6. At the time of my application for a Rifle/Shotgun License, I was not subject to any order of protection.

7. I do not have any 'history' of domestic 'violence' because I have never committed an act of domestic violence.

8. During my application for a Rifle/Shotgun License, I informed the License Division that the allegations made by my ex-girlfriend were false and that I had committed no crime.

9. Specifically, I informed the License Division at Question #19, "On 08/11/2011, I was arrested on a fabricated complaint of assault on an ex-girlfriend who was angry that I ended our relationship (detailed explanation follows in #23)…On 11/14/2011, the court dismissed and sealed the entire criminal complaint." I further denied the allegations of any such misconduct in my response at Question #23 of the application.

10. The complaints filed by an ex-girlfriend were false accusations and the 2011 charge was dismissed and sealed. A copy of the Certificate of Disposition is attached as Ex. 1. I have had no subsequent arrests or charges.

11. On April 18, 2018, my application for a Rifle/Shotgun License application was denied. A true and accurate copy of the Notice of Disapproval dated April 18, 2018 is annexed hereto as Exhibit 2.

12. I timely filed an internal appeal of the denial of my application with the NYPD License Division, Appeals Unit.

13. By Notice of Disapproval After Appeal dated November 28, 2018, I was notified that my appeal was denied. A true and accurate copy of the Notice of Disapproval After Appeal dated November 28, 2018 is annexed hereto as Exhibit 3.

14. In the present litigation, my attorney filed a Second Amended Complaint on September 25, 2022 to reflect, among other information, the *Bruen* decision from the United States Supreme Court.

15. I have read the Declaration of City attorney Kerri Devine submitted in support of the City's motion to dismiss the Second Amended Complaint, which represents that I was issued a Rifle/Shotgun License on October 25, 2022 – a month after the Second Amended Complaint was filed.

16. I have never received, nor do I hold a New York City Rifle/Shotgun License.

17. I have not been contacted by the License Division since the denial of my Rifle/Shotgun License in November 2018.

18. I have no Rifle/Shotgun application pending with the License Division nor have I applied for a Rifle/Shotgun License after being was denied in November 2018.

19. Because I have no Rifle/Shotgun License application pending with New York City, there is no application for Defendants to approve and no Rifle/Shotgun License to issue.

20. My lawsuit does not seek injunctive relief to compel Defendants to issue me a Rifle/Shotgun License.

21. In any event, I would have rejected Defendants' unilateral issuance of a Rifle/Shotgun License until the adjudication of the claims brought herein because, among other reasons, Defendants should not be able to moot out my constitutional challenges to their unconstitutional firearm regulations, as they did in the *Abekassis v. New York City* case.

22. Because of the challenged regulations, my right to possess rifles, shotguns, and ammunition in New York City for self-defense has been terminated, and my ability to purchase long guns and ammunition is barred.

23. I have committed no act that justifies New York City's termination of my right to possess firearms for self-defense, as protected by the Second and Fourteenth Amendments.

24. I object to having to submit to a discretionary licensing scheme to lawfully exercise my right to possess and purchase rifles, shotguns, and ammunition, including a subjective assessment by a government official of whether I possess "good moral character."

25. I have a present intention to purchase and possess shotguns, rifles, and ammunition for all lawful purposes, including self-defense, without the need to seek permission from Defendants before exercising such constitutionally protected conduct.

26. Such an application requires that I submit to the discretionary and subjective licensing scheme implemented under 38 RCNY 3 and NYC Admin. Code Title 10, Chapter 3.

27. I object to the requirement that I submit to the discretionary and subjective licensing scheme implemented under 38 RCNY 3 and NYC Admin. Code Title 10, Chapter 3 under the threat of criminal and civil penalties.

28. I should not have to choose between exercising a protected constitutional right and suffering criminal and civil penalties.

29. I am suffering and continue to suffer irreparable harm by the ongoing deprivation of my guaranteed individual right to possess firearms and ammunition for self-defense because of the New York City regulations challenged in this lawsuit.

30. As a direct result of the challenged regulations, I have been completely barred from possessing and/or purchasing rifles, shotguns, and ammunition and will continue to be barred from such conduct because New York City enforces a discretionary licensing scheme.

31. Based on New York City's continuing violation of my right to possess and purchase rifles, shotguns, and ammunition for self-defense, I request that that this Court issue judgment in my favor and that the challenged regulations be declared unconstitutional and permanently enjoined.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 12, 2023

_____
Alan Taveras