UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALAN TAVERAS,

                Plaintiff,        Case No.: 20 Civ. 1200 (KPF)

    -against-

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity as NYPD Police Commissioner,

                Defendants.
------------------------------------------------------x

**PLAINTIFF'S STATEMENT OF FACTS
PURSUANT TO LOCAL RULE 56.1**

    1.    Alan Taveras ("Plaintiff") is over the age of 21. See, Declaration of Alan Taveras at ¶ 1.

    2.    Plaintiff is not prohibited from possessing, purchasing, receiving, or transferring firearms under state or federal law. Taveras Dec. at ¶ 2.

    3.    Plaintiff has never been convicted of a crime or any violation of the New York State Penal Law and he is a law-abiding member of the community. Taveras Dec. at ¶ 3.

    4.    On December 1, 2017, Plaintiff applied to the NYPD License Division for a license to lawfully possess and purchase rifles and shotguns ("Rifle/Shotgun License"). Taveras Dec. at ¶ 4.

    5.    During the application process, Plaintiff paid the filing fees associated with applying for a Rifle/Shotgun License and was fingerprinted by NYPD; the NYPD obtained his state and federal fingerprint-based criminal history reports and was made aware that Plaintiff had never been convicted of a crime, was not subject to an existing order of protection, and otherwise

had no disqualifying events or conditions preventing his lawful possession of firearms under state or federal law. Taveras Dec. at ¶ 5.

6. At the time of Plaintiff's application for a Rifle/Shotgun License, he was not subject to any order of protection. Taveras Dec. at ¶ 6.

7. Plaintiff has no 'history' of domestic 'violence' because he has never committed an act of domestic violence. Taveras Dec. at ¶ 7.

8. During the application process for a Rifle/Shotgun License, Plaintiff informed the License Division that the allegations made by his ex-girlfriend were false and that he had committed no crime. Taveras Dec. at ¶ 2.

9. Specifically, Plaintiff informed the License Division at Question #19: "On 08/11/2011, I was arrested on a fabricated complaint of assault on an ex-girlfriend who was angry that I ended our relationship (detailed explanation follows in #23)…On 11/14/2011, the court dismissed and sealed the entire criminal complaint." Plaintiff further denied the allegations of any such misconduct in his response at Question #23 of the application. Taveras Dec. at ¶ 9.

10. The complaints filed by Plaintiff's ex-girlfriend were false accusations and the 2011 charge was dismissed and sealed. Taveras Dec. at ¶ 10, and Ex. 1. Plaintiff has no subsequent arrests or charges. Taveras Dec. at ¶ 10.

11. On April 18, 2018, Plaintiff's application for a Rifle/Shotgun License application was denied. Taveras Dec. at ¶ 11, and Ex. 2.

12. Plaintiff timely filed an internal appeal of the denial of his application with the NYPD License Division, Appeals Unit. Taveras Dec. at ¶ 12.

13. By Notice of Disapproval After Appeal dated November 28, 2018, Plaintiff was notified that his appeal was denied. Taveras Dec. at ¶ 13, Ex. 3.

14.	In the present litigation, a Second Amended Complaint was filed on September 25, 2022 to reflect, among other information, the *Bruen* decision from the United States Supreme Court. Taveras Dec. at ¶ 14.

15.	Plaintiff read the Declaration of City attorney Kerri Devine submitted in support of the City's motion to dismiss the Second Amended Complaint, which represents that Plaintiff was issued a Rifle/Shotgun License on October 25, 2022 – a month after the Second Amended Complaint was filed. Taveras Dec. at ¶ 15.

16.	Plaintiff has never received, nor does he hold, a New York City Rifle/Shotgun License. Taveras Dec. at ¶ 16.

17.	Plaintiff has not been contacted by the License Division since the denial of his Rifle/Shotgun License in November 2018. Taveras Dec. at ¶ 17.

18.	Plaintiff has no Rifle/Shotgun application pending with the License Division nor has he applied for a Rifle/Shotgun License after being denied in November 2018. Taveras Dec. at ¶ 18.

19.	Because Plaintiff has no Rifle/Shotgun License application pending with New York City, there was no application for Defendants to approve and no Rifle/Shotgun License to issue. Taveras Dec. at ¶ 19.

20.	Plaintiff's lawsuit does not seek injunctive relief to compel Defendants to issue him a Rifle/Shotgun License. Taveras Dec. at ¶ 20.

21.	Plaintiff would have rejected Defendants' unilateral issuance of a Rifle/Shotgun License until the adjudication of the claims brought herein because, among other reasons, Defendants should not be able to moot out his constitutional challenges to their unconstitutional firearm regulations, as they did in the *Abekassis v. New York City*. Taveras Dec. at ¶ 21.

22. Because of the challenged regulations, Plaintiff's right to possess rifles, shotguns, and ammunition in New York City for self-defense is barred. Taveras Dec. at ¶ 22.

23. Plaintiff has committed no act that justifies New York City's termination of his right to possess firearms for self-defense, as protected by the Second and Fourteenth Amendments. Taveras Dec. at ¶ 23.

24. Plaintiff objects to having to submit to a discretionary licensing scheme to lawfully exercise his right to possess and purchase rifles, shotguns, and ammunition, including a subjective assessment by a government official of whether he possesses "good moral character." Taveras Dec. at ¶ 24.

25. Plaintiff has a present intention to purchase and possess shotguns, rifles, and ammunition for all lawful purposes, including self-defense, without the need to seek permission from Defendants before exercising such constitutionally protected conduct. Taveras Dec. at ¶ 25.

26. Such an application requires that Plaintiff submit to the discretionary and subjective licensing scheme implemented under 38 RCNY 3 and NYC Admin. Code Title 10, Chapter 3. Taveras Dec. at ¶ 26.

27. Plaintiff objects to the requirement that he submit to the discretionary and subjective licensing scheme implemented under 38 RCNY 3 and NYC Admin. Code Title 10, Chapter 3 under the threat of criminal and civil penalties. Taveras Dec. at ¶ 27.

28. Plaintiff should not have to choose between exercising a protected constitutional right and suffering criminal and civil penalties. Taveras Dec. at ¶ 28.

29. Plaintiff is suffering and continues to suffer irreparable harm by the ongoing deprivation of his guaranteed individual right to possess firearms and ammunition for self-defense because of the New York City regulations challenged in this lawsuit. Taveras Dec. at ¶

29.

30. As a direct result of the challenged regulations, Plaintiff has been completely barred from possessing and/or purchasing rifles, shotguns, and ammunition in New York City and will continue to be barred from such conduct because New York City enforces a discretionary licensing scheme. Taveras Dec. at ¶ 30.

Dated: January 13, 2023
      Scarsdale, New York

                                  THE BELLANTONI LAW FIRM, PLLC
                                  *Attorneys for Plaintiff, Alan Taveras*

                                  _____/s/_____
                                  Amy L. Bellantoni (AB3061)
                                  2 Overhill Road, Suite 400
                                  Scarsdale, New York 10583
                                  abell@bellantoni-law.com