20 CV 01200 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN TAVERAS,

                                  Plaintiff,

-against-

NEW YORK CITY, New York, KEECHANT SEWELL, in her official capacity as NYPD Police Commissioner, and all successors,

                                  Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT ("SAC") PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Kerri A. Devine*
    *Tel:  (212) 356-2214*
    *Matter No.:  2020-015617*

# **TABLE OF CONTENTS**

                                                                              **Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

        POINT I

                PLAINTIFF LACKS STANDING, IN PART .......................................... 1

        POINT II

                PLAINTIFF'S CLAIMS FOR DECLARATORY
                AND INJUNCTIVE RELIEF ARE MOOT ............................................ 3

CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Pages**

Adam v. Barr,
    18 CV 2106, 2019 U.S. Dist. LEXIS 54297 (S.D.N.Y. 2019) ................................................. 2

Anderson v. City of Boston,
    375 F.3d 71 (1st Cir. 2004) .......................................................................................................... 4

Babbitt v. United Farm Workers Nat'l Union,
    442 U.S. 289 (1979) ..................................................................................................................... 2

Brandywine v. City of Richmond,
    359 F.3d 830 (6th Cir. 2004) ...................................................................................................... 5

City of Mesquite v. Aladdin's Castle,
    455 U.S. 283 (1982) ..................................................................................................................... 4

Frey v. Bruen,
    21 CV 05334, 2022 U.S. Dist. LEXIS 31053
    (S.D.N.Y. Feb. 22, 2022) ............................................................................................................. 3

Harrison & Burrowes Bridge Constructors, Inc., v. Cuomo,
    981 F.2d 50 (2d Cir. 1992) .......................................................................................................... 5

Knife Rights v. Vance,
    802 F.3d 377 (2d Cir. 2015) ....................................................................................................... 2

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) ................................................................................................................. 2, 3

N.Y. State Rifle & Pistol Ass'n v. Bruen,
    142 S. Ct. 2111 (2022) ............................................................................................................ 1, 2

Susan B. Anthony List v. Driehaus,
    134 S. Ct. 2334 (2014) ................................................................................................................ 2

**Statutes**

38 RCNY §§ 3-01, 3-02, 3-04, 3-05, 3-06, 3-07, 3-08,
    3-09, 3-10, 3-11, 3-12, 3-13, 3-14 and 3-15 ............................................................................. 1

38 RCNY §§ 3-03 (a)-(e) (h)-(n) ..................................................................................................... 1

Fed. R. Civ. P 12(b)(1) ..................................................................................................................... 1

N.Y.C. Admin. Code §§ 10-302.1, 10-303(a)(1), (3) through (8),
    and (b) through (h), 10-306 (a), (b) and (e) through (h) ......................................................... 1

## PRELIMINARY STATEMENT

Defendants New York City ("City"), and Keechant Sewell in her official capacity as New York City Police Department ("NYPD") Commissioner, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC")(Doc. No. 34) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction due to plaintiff's lack of standing and mootness.[1]

## ARGUMENT

### POINT I

### PLAINTIFF LACKS STANDING, IN PART

In his opposition to defendants' motion to dismiss the SAC, plaintiff fails to meaningfully address defendants' argument that plaintiff lacks standing to challenge laws and rules that were not relevant to the denial of plaintiff's application for a rifle/shotgun permit. Rather, plaintiff appears to rely entirely on N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022) in opposition to defendants' argument that he lacks standing to challenge Admin. Code §§ 10-302.1, 10-303(a)(1), (3) through (8), and (b) through (h), 10-306 (a), (b) and (e) through (h), 38 RCNY § 3-03 subsections (a) through (e) and (h) through (n), as well as 38 RCNY §§ 3-01, 3-02, 3-04, 3-05, 3-06, 3-07, 3-08, 3-09, 3-10, 3-11, 3-12, 3-13, 3-14 and 3-15, which played no role in the denial of his rifle/shotgun permit. See Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-motion for Summary Judgment and in Opposition to Defendants' Motion to Dismiss ("Plaintiff's

---

[1] As plaintiff's cross-motion for summary judgment was denied without prejudice as premature, defendants address herein only plaintiff's arguments made in opposition to defendants' motion to dismiss. See ECF Doc. No. 49.

Opp.")(Doc. No. 48) at 19-21.  Nothing in Bruen, however, relieves plaintiff of the pleading requirements necessary to sufficiently establish standing.  Indeed, the plaintiff in Bruen specifically challenged the section of law on which the denial of his application for an unrestricted license to carry a handgun was based and the Court in Bruen only struck down that one provision.  142 S. Ct. at 2117, 2156.  Plaintiff, herein, however seeks to broadly challenge laws and rules that go well beyond those which factored into the denial of his rifle/shotgun permit and for which he has failed to sufficiently plead that as a result of such laws and rules, he has suffered an actual injury in fact that is "concrete and particularized." Accordingly, he lacks standing to challenge them.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

While plaintiff need not risk prosecution to obtain standing to challenge enforcement of a law, he must at the very least allege that he, "'inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by . . . statute, and there exists a credible threat of prosecution thereunder.'"  Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2342 (2014) quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979).  A credible threat of prosecution will not be found "'where plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.' Thus, fears that are 'imaginary or speculative' will not satisfy the credible threat standard." Adam v. Barr, 18 CV 2106, 2019 U.S. Dist. LEXIS 54297 *7 (S.D.N.Y. 2019), quoting Knife Rights v. Vance, 802 F.3d 377, 384 (2d Cir. 2015).  Similarly insufficient are "'some day' intentions.'"  Lujan, 504 U.S. at 564. Accordingly, to establish standing, the SAC must contain allegations of a concrete intention to violate the law and a credible threat of prosecution.  The SAC contains neither.

The allegations in the SAC are insufficient to establish standing to challenge the rules and laws set forth above. The SAC merely contains conclusory allegations that plaintiff "has a present intention and plan to purchase and possess shotguns and rifles for all lawful purposes, including self-defense and ammunition for the same," and that if he does so, "he will be arrested and subject to incarceration, fines and other criminal and civil penalties." SAC at ¶¶ 30, 32. Such bare allegations, however, are insufficient to establish standing with respect to the above-referenced challenged laws and rules. See Frey v. Bruen, 21 CV 05334, 2022 U.S. Dist. LEXIS 31053 (S.D.N.Y. Feb. 22, 2022)(finding sworn statements of an intention to carry a handgun in public, without concrete plans to violate the law or allegations of a clear threat of prosecution, insufficient to establish standing).

Furthermore, to the extent plaintiff now rejects NYPD's issuance of a rifle/shotgun license, he lacks standing to challenge the basis on which his application was initially denied as any actual injury or harm is no longer causally connected to the actions of NYPD, but is instead, self-inflicted. Lujan, 504 U.S. at 560; Plaintiff's Opp. at 22 (Doc. No. 48); Declaration of Alan Taveras sworn to on January 12, 2023 ("Taveras Dec.") (Doc. No. 45) at ¶ 21.

## POINT II

### PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE MOOT

Plaintiff's main opposition to defendants' argument that the causes of action in the SAC have been mooted out by the issuance of rifle/shotgun license to him is that he has not in fact received a rifle/shotgun license and that, in any event, he would reject it. See Taveras Dec. (Doc. No. 45) at ¶¶16, 21; Plaintiff's Opp. at 21-22 (Doc. No. 48). On October 25, 2022, however, the License Division did activate a rifle/shotgun permit for plaintiff and NYPD records reflect that it was issued on that date. See Declaration of Nicole Berkovich, sworn to on January 26, 2023

3

("Berkovich Dec.") at ¶ 2 and Exhibit A annexed thereto. Due to a technological error, however, the license was not printed or mailed to Mr. Taveras and he was not contacted to pick up the license. Id. The rifle/shotgun permit has since been printed and was mailed to plaintiff on January 26, 2023. Id. at ¶ 4 and Exhibit B. Additionally, plaintiff's attorney was notified by the undersigned on January 17, 2023 and January 24, 2023 that plaintiff's rifle/shotgun permit was printed and available to plaintiff. See Declaration of Kerri A. Devine, sworn to on January 26, 2023 at ¶¶ 2-3.

As plaintiff has been issued a rifle/shotgun permit, he is no longer suffering the harm alleged in the SAC. In the SAC, plaintiff alleges that as result of New York City's policies, regulations and rules;

> [He] has suffered harm resulting from the deprivation of his constitutional right to keep and bear arms for self-defense, and inter alia has been deprived of the ability to be armed in the defense and protection of family and home, to be armed with the type of weapon of his choice, the inability to possess rifles and shotguns, engage in target practice and be proficient with a firearm, and the absence of peace of mind and self-confidence associated with the ability to protect oneself, family, and homestead in the even of violent confrontation (footnote omitted).

SAC at ¶ 94. The issuance of a rifle/shotgun permit to plaintiff cures these alleged harms.

Plaintiff's reliance on City of Mesquite v. Aladdin's Castle, 455 U.S. 283 (1982) in opposition to defendants' mootness argument is unavailing. In City of Mesquite, the Supreme Court found that the voluntary cessation of challenged language in the relevant legislation did not moot the case, but in doing so, relied on the fact that the City expressed an intention to reinstate the offending language. 455 U.S. at 289. The within action is distinguishable in that there has been no such expressed intention by NYPD to revoke, suspend or refuse to renew plaintiff's rifle/shotgun permit based on the reasons it initially denied it. See Anderson v. City of Boston,

4

375 F.3d 71, 93 (1st Cir. 2004); <u>Brandywine v. City of Richmond</u>, 359 F.3d 830, 836 (6th Cir. 2004).  Moreover, the fact that pre-<u>Bruen</u>, the City made a litigation decision to settle two cases by issuing gun licenses is of no relevance to plaintiff's voluntary cessation argument.  What could be relevant is if after issuing such licenses, NYPD subsequently revoked, suspended or failed to renew them, however, there are no such allegations in the SAC, and that would be entirely speculative.

Ultimately, whether to dismiss a claim as moot lies within the discretion of the Court. <u>Harrison & Burrowes Bridge Constructors, Inc., v. Cuomo</u>, 981 F.2d 50, 59 (2d Cir. 1992). As plaintiff is no longer harmed by not having a rifle/shotgun permit and as there is no reasonable expectation that NYPD will revoke, suspend, or decline to renew plaintiff's rifle/shotgun permit based on the same grounds it initially denied his application, defendants respectfully request that under the circumstances of the within action the Court grant defendants' motion to dismiss the SAC in part based on mootness.

## **CONCLUSION**

For the foregoing reasons and those set forth in defendants' moving brief, defendants respectfully request that this Court grant their motion to, in whole or in part, dismiss the Second Amended Complaint, and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          January 26, 2023

                                       Hon. Sylvia O. Hinds-Radix
                                       Corporation Counsel
                                           of the City of New York
                                       *Attorney for Defendants*
                                       100 Church Street
                                       New York, New York 10007
                                       (212) 356-2214 office
                                       kdevine@law.nyc.gov


                     By:       *Kerri A. Devine* /s/
                                       Kerri A. Devine
                                       Assistant Corporation Counsel