# EXHIBIT  2



**POLICE DEPARTMENT**
**License Division**
**One Police Plaza, Room 110A**
**New York, New York 10038**

<u>**NOTICE OF DISAPPROVAL AFTER APPEAL**</u>

November 28, 2018

Michael Colihan, Esq.                  Re:   Alan Taveras
44 Court Street                              Appeal No. 113/18
Suite 906                                    RS Application No. 2017900884
Brooklyn, NY 11201

Dear Mr. Colihan:

    I am writing in response to Mr. Taveras' appeal of the disapproval of his Rifle/Shotgun permit application. Based upon my review of the entire record, the appeal is denied.

    Pursuant to §§10-303(a)(2) and (9) of the New York City Administrative Code, an application for a Rifle/Shotgun permit may be denied when an applicant is not of good moral character, and/or when good cause exists for the denial of the permit. Title 38 of the Rules of The City of New York (RCNY), §3-03, provides a list of what shall be considered in assessing moral character and whether good cause exists for a denial.

    As delineated in 38 RCNY §§3-03 (f) and (g), an applicant can be denied a Rifle/Shotgun permit if he/she was a subject of an order of protection and there is a history of one or more incidents of domestic violence. Here, Mr. Taveras was named as a perpetrator in two separate domestic incidents, one of which led to an arrest. On May 22, 2011, his ex-girlfriend stated she had a verbal dispute with Mr. Taveras which led to physical violence. She said that he punched her in the left eye causing swelling and bruising. The victim was treated at the hospital for her injuries. As a result of this domestic dispute, a complaint report was generated. Mr. Taveras was arrested on August 11, 2011 for Assault 3rd Degree – With Intent to Cause Physical Injury and Harassment as a result of this incident. A full order of protection was issued against Mr. Taveras which stated that he was to stay away from the victim and her home, school, business and place of employment and not be within 100 yards of the victim. Mr. Taveras was to refrain from any communication with the victim, including mail, telephone or email. Finally, he was ordered to surrender all firearms. The order of protection expired in February 2012. Ultimately, the charges against Mr. Taveras were dropped against him.

    Just three months after the order of protection was issued, Mr. Taveras was again named as a perpetrator in a domestic incident. On November 12, 2011, the same ex-girlfriend stated that Mr. Taveras threatened her on the phone stating he was going to "pull her out of a nightclub

by her hair if she did not leave." Further, he stated that if she called the police, he would hurt her and her family. He was in direct violation of the active Order of Protection. A complaint report was also generated in regards to this incident.

Although time has elapsed and the arrest charges were dismissed, the serious nature of these incidents raise safety concerns for yourself and others. Therefore, these domestic incidents and order of protection are grounds for denial of Mr. Taveras' application for a rifle/shotgun permit.

He may appeal this determination by commencing an Article 78 proceeding within four months of the date of this letter.

Sincerely,

Jonathan David
Director