UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALAN TAVERAS,

                Plaintiff,

                -against-

NEW YORK CITY, New York,

                Defendant.

------------------------------------------------------------------------x

**ANSWER TO THIRD AMENDED COMPLAINT**

Index No. 20 Civ. 1200 (KPF)

        Defendant, New York City, by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for its answer to the Third Amended Complaint ("TAC"), alleges as follows upon information and belief:

        1.     Denies the allegations set forth in paragraph "1" of the TAC, except admits that plaintiff purports to proceed as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the TAC, except admits that the Court has subject matter jurisdiction over this action and that venue is proper.

        3.     Denies the allegations set forth in paragraph "3" of the TAC, except admits that records submitted to the New York City Police Department ("NYPD") with plaintiff's application for a rifle/shotgun reflect that plaintiff is over 21, a natural person and a citizen of the United States.

        4.     Admits the allegations set forth in paragraph "4" of the TAC.

        5.     Admits the allegations set forth in paragraph "5" of the TAC.

6. Denies the allegations set forth in paragraph "6" of the TAC and respectfully refers the Court to the cases cited therein for a true and complete statement of their content and effect.

7. Denies the allegations set forth in paragraph "7" of the TAC and respectfully refers the Court to the cases cited therein for a true and complete statement of their content and effect.

8. Denies the allegations set forth in paragraph "8" of the TAC and respectfully refers the Court to the Fourteenth Amendment for a true and complete statement of its content and effect.

9. Neither denies nor admits the allegations set forth in paragraph "9" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

10. Neither denies nor admits the allegations set forth in paragraph "10" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

11. Neither denies nor admits the allegations set forth in paragraph "11" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

12. Neither denies nor admits the allegations set forth in paragraph "12" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

13. Neither denies nor admits the allegations set forth in paragraph "13" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

14. Neither denies nor admits the allegations set forth in paragraph "14" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

15. Neither denies nor admits the allegations set forth in paragraph "15" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

16. Denies the allegations set forth in paragraph "16" of the TAC in so far as they allege that defendant violated plaintiff's constitutional rights or that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional.

17. Denies the allegations set forth in paragraph "17" of the TAC in so far as they allege that defendant violated plaintiff's constitutional rights or that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the TAC.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the TAC.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the TAC, and avers that the NYPD's investigation

of plaintiff in connection with his application for a rifle/shotgun license did not reveal any criminal convictions.

21.     Neither denies nor admits the allegations set forth in paragraph "21" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

22.     Denies the allegations set forth in paragraph "22" of the TAC, except admits that on December 1, 2017, plaintiff applied to the NYPD License Division for a rifle/shotgun license and respectfully refers the Court to New York City Administrative Code ("Admin. Code") §§ 10-301, 10-302, 10-302.1 and 10-303 and Title 38 of Rules of the City of New York § 3-03 for the laws and rules governing the possession and licensing of rifles and shotguns in New York City .

23.     Denies the allegations set forth in paragraph "23" of the TAC in so far as they allege that defendant violated plaintiff's constitutional rights or that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional.

24.     Denies the allegations set forth in paragraph "24"of the TAC, except admits that plaintiff paid the filing fees associated with his rifle/shotgun license application, and that the NYPD obtained plaintiff's criminal history based on his fingerprints which did not reveal any criminal convictions or existing orders of protection.

25.     Admits the allegations set forth in paragraph "25" of the TAC.

26.     Denies the allegations set forth in paragraph "26" of the TAC.

27.     Denies the allegations set forth in paragraph "27" of the TAC.

28. Denies the allegations set forth in paragraph "28" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

29. Admits the allegations set forth in paragraph "29" of the TAC.

30. Denies the allegations set forth in paragraph "30" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the TAC, and avers that the NYPD's investigation of plaintiff in connection with his application for a rifle/shotgun license did not reveal any criminal convictions.

32. Denies the allegations set forth in paragraph "33" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the TAC, and avers that the NYPD's investigation of plaintiff in connection with his application for a rifle/shotgun license revealed that he had had two orders of protection issued against him.

34. Denies the allegations set forth in paragraph "34" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the TAC, and avers that the NYPD's investigation

of plaintiff in connection with his application for a rifle/shotgun license did not reveal that he was the subject of an Order of Protection at the time that he applied for the rifle/shotgun license.

36. Denies the allegations set forth in paragraph "36" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

37. Denies the allegations set forth in paragraph "37" of the TAC.

38. Denies the allegations set forth in paragraph "38" of the TAC and respectfully refers the Court to Exhibit 1 of the TAC for a true and complete statement of its content and effect.

39. Denies the allegations set forth in paragraph "39" of the TAC in so far as they allege that defendant violated plaintiff's constitutional rights or that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional.

40. Admits the allegations set forth in paragraph "40" of the TAC.

41. Admits the allegations set forth in paragraph "41" of the TAC.

42. Denies the allegations set forth in paragraph "42" of the TAC.

43. Denies the allegations set forth in paragraph "43" of the TAC in so far as they allege that defendant violated plaintiff's constitutional rights or that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional, except admits that the Appeals Unit denied the appeal.

44. Denies the allegations set forth in paragraph "44" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

45. Denies the allegations set forth in paragraph "45" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

46. Denies the allegations set forth in paragraph "46" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

47. Denies the allegations set forth in paragraph "47" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

48. Denies the allegations set forth in paragraph "48" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

49. Denies the allegations set forth in paragraph "49" of the TAC, except admits that plaintiff provided a Certificate of Disposition to the NYPD in connection with his application for a rifle/shotgun license indicating that the charges against him were dismissed and sealed.

50. Denies the allegations set forth in paragraph "50" of the TAC and respectfully refers the Court to Exhibit 2 of the TAC for a true and complete statement of its content and effect.

51. Neither denies nor admits the allegations set forth in paragraph "51" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

52. Denies the allegations set forth in paragraph "52" of the TAC.

53. Neither denies nor admits the allegations set forth in paragraph "53" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

54. Denies the allegations set forth in paragraph "54" of the TAC.

55. Denies the allegations set forth in paragraph "55" of the TAC.

56. Denies the allegations set forth in paragraph "56" of the TAC.

57. Neither denies nor admits the allegations set forth in paragraph "57" of the TAC as they constitute legal arguments and conclusions of law, and therefore, no response is necessary, however, to the extent a response is deemed necessary, denies the allegations.

58. Denies the allegations set forth in paragraph "58" of the TAC.

59. Denies the allegations set forth in paragraph "59" of the TAC and respectfully refers the Court to the case cited therein for a true and complete statement of its content and effect.

60. Denies the allegations set forth in paragraph "60" of the TAC.

61. Denies the allegations set forth in paragraph "61" of the TAC.

62. Denies the allegations set forth in paragraph "62"' of the TAC in so far as they allege defendant violated plaintiff's constitutional rights or that the that the sections of law and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are unconstitutional.

63. Denies the allegations set forth in paragraph "63" of the TAC.

64. Denies the allegations set forth in paragraph "64" of the TAC, and respectfully refers the Court to Administrative Code § 10-303 and 38 RCNY § 3-03 for the grounds for denial of a rifle/shotgun license application.

65. Denies the allegations set forth in paragraph "65" of the TAC, and respectfully refers the Court to Administrative Code § 10-303 and 38 RCNY § 3-03 for the grounds for denial of a rifle/shotgun license application.

66. Denies the allegations set forth in paragraph "66" of the TAC, and respectfully refers the Court to Exhibits 1 and 2 of the TAC for a true and complete statement of their content and effect.

67. Denies the allegations set forth in paragraph "67" of the TAC.

68. In response to the allegations set forth in paragraph "68" of the TAC, defendant repeats and realleges the responses set forth in paragraphs "1" through "67," inclusive of this answer, as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the TAC.

70. In response to the allegations set forth in paragraph "70" of the TAC, defendant repeats and realleges the responses set forth in paragraphs "1" through "69," inclusive of this answer, as if fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the TAC.

## AS AND FOR A FIRST DEFENSE

72. The TAC fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

73. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD DEFENSE

74. Defendant has not violated any provisions of federal law.

## AS AND FOR A FOURTH DEFENSE

75. At all relevant times herein, defendant acted in accordance with applicable statutory provisions of federal law and federal policies relevant to federal law.

## AS AND FOR A FIFTH DEFENSE

76. The sections of laws and rules relied on by the NYPD in denying plaintiff's application for a rifle/shotgun license are constitutional, valid and enforceable in all respects.

## AS AND FOR A SIXTH DEFENSE

77. Plaintiff has failed to mitigate any damages.

**WHEREFORE,** defendant requests judgment dismissing the TAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
July 14, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-2214
kdevine@law.nyc.gov

By:   *Kerri A. Devine /s/*
      Kerri A. Devine
      Assistant Corporation Counsel