UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
ALAN TAVERAS,

Plaintiff,

Case No.: 20 Civ. 1200 (AS)

-against-

**DECLARATION OF ALAN TAVERAS**

NEW YORK CITY, New York,

Defendant.
----------------------------------------------------x

ALAN TAVERAS, declares pursuant to 28 U.S.C. §1746 that:

1. I am the plaintiff in the above-captioned matter. I am over the age of 18, a United States citizen, and I submit this Declaration in support of Plaintiff's Motion for Summary Judgment. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. I have no disqualifiers to the possession, purchase, receipt, or transfer of firearms under state or federal law.

3. At all times relevant to this action, I was eligible to possess, purchase, receive, and transfer firearms under state and federal law.

4. I have never been convicted of a crime and I am a law-abiding member of the community.

5. I presently own firearms, which I purchased through a federally licensed firearms dealer (gun store) after a state and federal background check through the NICS (National Instant Criminal Background Check System).

6. I am licensed to carry a handgun in public in the following states: AL,AK, AZ, AR, CO, DE, FL, GA, ID, IN, IA, KS, KY, LA, ME, MI, MS, MO, MT, NE, NV, NH, NM, NC, ND, OH, OK, PA, SC, SD, TN, TX, UT, VY, VA, WV, AND WY.

7. In 2017, I was a resident of New York City, New York (the "City).

8. To lawfully possess ***any*** type of firearm in the City – handguns, rifles, and/or shotguns - I was required to apply for and obtain a license from the New York City Police Department License Division (the "License Division").

9. To purchase and/or to possess rifles and/or shotguns in my home, I was required to apply for and obtain a "Rifle/Shotgun License."

10. Without a Rifle/Shotgun License, I could not lawfully purchase or possess a rifle or shotgun or ammunition for a rifle or a shotgun.

11. Even if I were able to purchase a rifle or shotgun elsewhere in the United States, bringing such firearm back to my home in the City would subject me to criminal and civil sanctions, including, among other penalties, incarceration, and fines.

12. On December 1, 2017, I applied to the NYPD License Division Rifle/Shotgun License.

13. At the time that I applied, I had no disqualifiers to the possession, purchase, receipt, or transfer of firearms under state or federal law – nor have I suffered any disqualification since.

14. During the application process, I paid the filing fees associated with applying for a Rifle/Shotgun License and was fingerprinted by the NYPD License Division.

15. The License Division obtained my state and federal fingerprint-based criminal history reports and thereafter learned from such reports that I have never been convicted of a crime, was not subject to an existing order of protection, and otherwise had no disqualifying events

or conditions preventing my lawful possession of firearms under state or federal law.

16. At the time of my application for a Rifle/Shotgun License, I was not subject to any order of protection, nor have I been since my application.

17. On my application for a Rifle/Shotgun License, I disclosed to the License Division false accusations made by an ex-girlfriend in 2011, which resulted in charges that were later dismissed and sealed by the Court.

18. The charge was "terminated in favor of the accused" – terminated ***in my favor*** - pursuant to Criminal Procedure Law 160.50. A copy of the Certificate of Disposition is attached as Ex. 1.

19. Specifically, I informed the License Division at Question #19, "On 08/11/2011, I was arrested on a fabricated complaint of assault on an ex-girlfriend who was angry that I ended our relationship (detailed explanation follows in #23)…On 11/14/2011, the court dismissed and sealed the entire criminal complaint." I further denied the allegations of any such misconduct in my response at Question #23 of the application.

20. I also provided the License Division with the original Certificate of Disposition attached as Exhibit 1 hereto.

21. By Notice of Disapproval dated April 18, 2018, the License Division disapproved my application for a Rifle/Shotgun License. A true and accurate copy of the Notice of Disapproval dated April 18, 2018 is annexed hereto as Exhibit 2.

22. The License Division exercises "broad discretion" when deciding who should and should not be issued a Rifle/Shotgun License.

23. The License Division exercised its "broad discretion" to decide that I should have no right to possess rifles and shotguns, which are weapons in 'common use' throughout the

country.

24. The License Division denied my Rifle/Shotgun application because:

> "It has been determined that your application for a permit has been denied for the following reason(s).
>
> The circumstances surrounding your actions exhibited in your past question your ability to abide by the rules and regulations to possess a rifle/shotgun permit.
>
> **Based upon your arrest history, summons history and violent domestic violence history and Order of Protection history. You have shown poor moral judgment and an unwillingness to abide by the law. The above circumstances reflect negatively upon your moral character and cast grave doubt upon your fitness to possess a firearm."**

See, Ex. 2 (emphasis supplied).

25. Had the people in the License Division felt that I should have a Rifle/Shotgun License, my application would have been 'approved,' which would have been a final determination resulting in the issuance of my license.

26. While the people in the License Division disapproved my application based what they call an "arrest history," my only arrest was in 2011 for the charge that was dismissed and sealed by the Court, and an arrest is only an accusation. Here, the accusation was false.

27. While the people in the License Division disapproved my application based on what they call a "violent domestic violence history," I have not committed any act of "domestic violence."

28. While the people in the License Division disapproved my application based on what they call an "Order of Protection history," my only Order of Protection was the order issued based on the false allegations that were later dismissed and sealed, not a 'history' of having orders of protection. And I was not the subject of any "Order of Protection" when I applied for a

Rifle/Shotgun License.

29. While the people in the License Division disapproved my application based on an (incorrect) subjective assessment and opinion that I have "shown poor moral judgment," I have excellent moral judgment and nothing in my application supported a contrary conclusion.

30. While the people in the License Division disapproved my application based on an (incorrect) subjective assessment and opinion that I have "an unwillingness to abide by the law," I have no criminal convictions. The License Division's opinion is plainly wrong – which is why the individual rights protected by the Second Amendment cannot be subject to another person's opinions and assessments.

31. I timely filed an internal appeal of the Rifle/Shotgun License disapproval with the Appeals Unit of the NYPD License Division.

32. By Notice of Disapproval After Appeal dated November 28, 2018, my appeal was denied by the License Division. See, Ex. 3.

33. The people in the Appeals Unit exercise "broad discretion" when deciding who they feel should and should not be issued a Rifle/Shotgun License.

34. The people in the Appeals Unit exercised their "broad discretion" when deciding that I should not be able to possess rifles and/or shotguns to protect myself and my family.

35. The people in the Appeals Unit (incorrectly) believed that I was "not of good moral character" and that "good cause exists" to deny my license. Ex. 3.

36. The people in the Appeals Unit denied my application because, in the past, I had been the subject of an Order of Protection. Ex. 3.

37. The people in the Appeals Unit denied my application because they consider one arrest that was dismissed and sealed to be a "history" of "domestic violence" – despite the absence

of a conviction, disqualifying or otherwise. See, Ex. 3.

38. The people in the Appeals Unit denied my application because an ex-girlfriend made 2 false allegations against me 6 years earlier: the first claim was dismissed and sealed by the Court, and the police refused to file her second set of false allegations against me.

39. The people in the Appeals Unit conceded "the charges against Mr. Taveras were dropped against him" but maintained their steadfast (and incorrect) opinions about me nevertheless. Ex. 3.

40. When denying my appeal, the people in the Appeals Unit justified their decision by opining that the "serious nature" of incidents (that never happened) raised speculative "safety concerns" (that never materialized) to strip me of my guaranteed, preexisting individual right to be armed for self-protection.

41. I have suffered the loss of my right to purchase, possess, transfer, and receive rifles and shotguns in New York City since April 18, 2018.

42. My right to possess rifles and shotguns in New York City was violated as a direct result of the City's implementation of regulations that enforce discretionary factors in the licensing process, and other people's subjective assessments of whether I have the "ability to abide by the rules and regulations to possess a rifle/shotgun permit," assessments of my "moral judgment," "moral character," "fitness to possess a firearm" and "willingness to abide by the law," though I broke no laws; my "arrest history" absent a disqualifying conviction, "summons history" absent a disqualifying conviction, "domestic violence history" absent any domestic violence having taken place and/or a disqualifying conviction, a history of "domestic incidents" absent any domestic incident having taken place and/or a disqualifying conviction, and an "Order of Protection history" where I was not currently the subject of an order of protection.

43. The violation of my Second and Fourteenth Amendment rights was caused by the License Division's enforcement and implementation of New York City gun regulations, customs, policies, and practices as set forth in 38 RCNY 3-03(f) and (g) *et seq*. and NYC Admin. Code 10-303(a)(2), (9).

44. Because of the City's violation of my constitutional rights, as set forth herein, I am entitled to presumed nominal damages, garden variety compensatory damages, costs and expenses, and, among other relief, statutory attorney's fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 17, 2023

____________________________
Alan Taveras