UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALAN TAVERAS,

                           Plaintiff,                  Case No.: 20 Civ. 1200 (AS)

      -against-

NEW YORK CITY, New York,

                           Defendant.
-------------------------------------------------------x

# PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

      1.      Alan Taveras ("Plaintiff") has no disqualifiers to the possession, purchase, receipt, or transfer of firearms under state or federal law. See, Declaration of Alan Taveras dated August 17, 2023 ("Taveras Dec.") at ¶2.

      2.      At all times relevant to this action, Plaintiff was eligible to possess, purchase, receive, and transfer firearms under state and federal law. Taveras Dec. at ¶3.

      3.      Plaintiff has never been convicted of a crime. Taveras Dec. at ¶4.

      4.      Plaintiff presently owns firearms, which he purchased through a federally licensed firearms dealer (gun store) after a state and federal background check through NICS (National Instant Criminal Background Check System). Taveras Dec. at ¶5.

      5.      Plaintiff is licensed to carry a handgun in public in the following states: AL, AK, AZ, AR, CO, DE, FL, GA, ID, IN, IA, KS, KY, LA, ME, MI, MS, MO, MT, NE, NV, NH, NM, NC, ND, OH, OK, PA, SC, SD, TN, TX, UT, VY, VA, WV, AND WY. Taveras Dec. at ¶6.

      6.      In 2017, Plaintiff was a resident of New York City, New York (the "City). Taveras Dec. at ¶7.

7. To lawfully possess any type of firearm in the City – handguns, rifles, and/or shotguns - Plaintiff was required to apply for and obtain a license from the New York City Police Department License Division (the "License Division"). Taveras Dec. at ¶8.

8. To purchase rifles and/or shotguns and possess them in his home, Plaintiff was required to apply for and obtain a "Rifle/Shotgun License." Taveras Dec. at ¶9.

9. Without a Rifle/Shotgun License, Plaintiff could not lawfully purchase or possess a rifle or shotgun or ammunition for a rifle or a shotgun. Taveras Dec. at ¶10.

10. Even if Plaintiff were able to purchase a rifle or shotgun elsewhere in the United States, bringing such firearm back to his home in the City would subject him to criminal and civil sanctions, including, among other penalties, incarceration, and fines. Taveras Dec. at ¶11.

11. On December 1, 2017, Plaintiff applied to the NYPD License Division for a Rifle/Shotgun License. Taveras Dec. at ¶12.

12. At the time that he applied, Plaintiff had no disqualifiers to the possession, purchase, receipt, or transfer of firearms under state or federal law.  Taveras Dec. at ¶13.

13. Plaintiff has suffered no firearms-related disqualification since filing his application for a Rifle/Shotgun License in 2017.  Taveras Dec. at ¶13.

14. During the application process, Plaintiff paid the filing fees associated with applying for a Rifle/Shotgun License and was fingerprinted by the NYPD License Division. Taveras Dec. at ¶14.

15. The License Division obtained Plaintiff's state and federal fingerprint-based criminal history reports. Taveras Dec. at ¶15.

16. The License Division thereafter learned from such reports that Plaintiff has never been convicted of a crime, was not subject to an existing order of protection, and otherwise had

no disqualifying events or conditions preventing his lawful possession of firearms under state or federal law. Taveras Dec. at ¶15.

17. At the time of Plaintiff's application for a Rifle/Shotgun License, he was not subject to an order of protection. Taveras Dec. at ¶16.

18. On his application, Plaintiff disclosed prior false accusations made against him by an ex-girlfriend in 2011 that led to the filing of charges, which were later dismissed and sealed by the court. Taveras Dec. at ¶17.

19. The charge against Plaintiff was "terminated in favor of the accused," meaning that the charge was terminated in Plaintiff's favor, pursuant to Criminal Procedure Law 160.50. Taveras Dec. at ¶18 and Ex. 1.

20. Plaintiff informed the License Division at Question #19, "On 08/11/2011, I was arrested on a fabricated complaint of assault on an ex-girlfriend who was angry that I ended our relationship (detailed explanation follows in #23)…On 11/14/2011, the court dismissed and sealed the entire criminal complaint." Taveras Dec. at ¶19.

21. Plaintiff further denied the allegations of any such misconduct in his response at Question #23 of the application. Taveras Dec. at ¶19.

22. Plaintiff provided the License Division with the original Certificate of Disposition of the charges from the court. Taveras Dec. at ¶20 and Ex. 1.

23. By Notice of Disapproval dated April 18, 2018, the License Division disapproved Plaintiff's application for a Rifle/Shotgun License. Taveras Dec. at ¶21 and Ex. 2.

24. The License Division exercises "broad discretion" when deciding who should and should not be permitted to possess rifles and shotguns. Taveras Dec. at ¶¶22-23.

25. The License Division exercised its "broad discretion" to decide that Plaintiff should have no right to possess rifles and shotguns. Taveras Dec. at ¶23.

26. Rifles and shotguns are weapons in 'common use' throughout the country. Taveras Dec. at ¶23.

27. The License Division denied Plaintiff's Rifle/Shotgun application as follows:

"It has been determined that your application for a permit has been denied for the following reason(s).

The circumstances surrounding your actions exhibited in your past question your ability to abide by the rules and regulations to possess a rifle/shotgun permit.

**Based upon your arrest history, summons history and violent domestic violence history and Order of Protection history. You have shown poor moral judgment and an unwillingness to abide by the law. The above circumstances reflect negatively upon your moral character and cast grave doubt upon your fitness to possess a firearm."**

Taveras Dec. at ¶24 and Ex. 2 (emphasis supplied).

28. Had the people in the License Division felt that Plaintiff should have a Rifle/Shotgun License, his application would have been 'approved.' Taveras Dec. at ¶25.

29. An approval of Plaintiff's Rifle/Shotgun application at that point would have been a final determination resulting in the issuance of a license to Plaintiff. Taveras Dec. at ¶25.

30. The people in the License Division disapproved Plaintiff's application based what they characterized as an "arrest history." Taveras Dec. at ¶26 and Ex. 2.

31. Plaintiff's only criminal arrest was in 2011 - the same charge that was dismissed and sealed by the court. Taveras Dec. at ¶26.

32. An arrest is an accusation. Taveras Dec. at ¶26.

33. The accusation that led to Plaintiff's arrest in 2011 was false. Taveras Dec. at ¶26.

34. The people in the License Division disapproved Plaintiff's application based on what they characterized as a "violent domestic violence history." Taveras Dec. at ¶27 and Ex. 2.

35. Plaintiff did not commit an act of "domestic violence." Taveras Dec. at ¶27.

36. Plaintiff has no "history" of "domestic violence." Taveras Dec. at ¶27 and Ex. 2.

37. The people in the License Division disapproved Plaintiff's application based on what they characterized as an "Order of Protection history." Taveras Dec. at ¶28 and Ex. 2.

38. The only Order of Protection issued against Plaintiff was the 2011 order issued on false allegations that were later dismissed and sealed. Taveras Dec. at ¶28, Exhs. 1 and 2.

39. Plaintiff was not subject to an existing order of protection at the time of his application. Taveras Dec. at ¶15.

40. The people in the License Division disapproved Plaintiff's application based on a conclusion that Plaintiff has "shown poor moral judgment." Taveras Dec. at ¶29 and Ex. 2.

41. The people in the License Division disapproved Plaintiff's application based on a conclusion that Plaintiff had "an unwillingness to abide by the law." Taveras Dec. at ¶30 and Ex. 2.

42. Plaintiff has no criminal convictions. Taveras Dec. at ¶30.

43. The License Division's conclusions were reached by performing an assessment of the allegations surrounding the 2011 charges against Plaintiff. Taveras at ¶29.

44. Plaintiff timely filed an internal appeal of the Notice of Disapproval with the Appeals Unit of the NYPD License Division. Taveras Dec. at ¶31.

45. By 'Notice of Disapproval After Appeal' dated November 28, 2018, Plaintiff's appeal was denied. Taveras Dec. at ¶32 and Ex. 3.

46. The people in the Appeals Unit exercise "broad discretion" when deciding who should and should not be permitted to possess rifles and shotguns. Taveras Dec. at ¶33.

47. The people in the Appeals Unit exercised their "broad discretion" when deciding that Plaintiff should not be able to possess rifles and/or shotguns to protect himself and his family. Taveras Dec. at ¶34 and Ex. 3.

48. The people in the Appeals Unit concluded that Plaintiff was "not of good moral character." Taveras Dec. at ¶35 and Ex. 3.

49. The people in the Appeals Unit relied on that conclusion to deny Plaintiff's application. Taveras Dec. at ¶35 and Ex. 3.

50. The people in the Appeals Unit concluded that "good cause exists" to deny Plaintiff's license. Taveras Dec. at ¶35 and Ex. 3.

51. The people in the Appeals Unit relied on that conclusion to deny Plaintiff's application. Taveras Dec. at ¶35 and Ex. 3.

52. The people in the Appeals Unit denied Plaintiff's application because Plaintiff had been the subject of an Order of Protection in 2011. Taveras Dec. at ¶ 36 and Ex. 3.

53. The people in the Appeals Unit concluded that Plaintiff's 2011 arrest, which was dismissed and sealed, was a "history" of "domestic violence" in the absence of any resulting conviction. Taveras at ¶37 and Ex. 3.

54. The people in the Appeals Unit relied on that conclusion to deny Plaintiff's application. Taveras Dec. at ¶37 and Ex. 3.

55. The people in the Appeals Unit denied Plaintiff's application because his ex-girlfriend made 2 false allegations against him 6 years earlier. Taveras at ¶38 and Ex. 3.

56. The first claim by Plaintiff's ex-girlfriend was dismissed and sealed by the court, and the police refused to file the ex-girlfriend's second set of false allegations against Plaintiff. Taveras at ¶38.

57. The people in the Appeals Unit conceded "the charges against Mr. Taveras were dropped against him" but maintained their conclusion that Plaintiff should not have the right to possess rifles and shotguns. Taveras at ¶39 and Ex. 3.

58. In denying Plaintiff's appeal, the people in the Appeals Unit justified their decision by concluding that the "serious nature" of incidents raised "safety concerns." Taveras Dec. at ¶40.

59. Plaintiff posed no safety threat. Taveras Dec. at ¶40.

60. No 'incidents' of violence ever occurred. Taveras Dec. at ¶40.

61. The License Division's conduct deprived Plaintiff of his guaranteed, preexisting individual right to be armed for self-protection. Taveras Dec. at ¶40.

62. Plaintiff suffered the loss of his right to purchase, possess, transfer, and receive rifles and shotguns in New York City on April 18, 2018. Taveras Dec. at ¶41.

63. Plaintiff's ability to possess rifles and shotguns in New York City was foreclosed by the April 18, 2018 Notice of Disapproval. Taveras Dec. at ¶42.

64. Plaintiff's ability to lawfully possess rifles and shotguns in New York City was foreclosed by the License Division's April 18, 2018 Notice of Disapproval. Taveras Dec. at ¶21 and Ex. 2.

65. The License Division rejected Plaintiff's appeal of the April 18, 2018 prohibition of his ability to lawfully possess rifles and shotguns in New York City. Taveras Dec. at ¶32 and Ex. 3.

66. In disapproving Plaintiff's Rifle/Shotgun License application, the License Division relied on, implemented and/or enforced 38 RCNY 3-03(f). Taveras Dec. at ¶43 and Exhs. 2, 3.

67. In disapproving Plaintiff's Rifle/Shotgun License application, the License Division relied on, implemented and/or enforced 38 RCNY 3-03(g). Taveras Dec. at ¶43 and Exhs. 2, 3.

68. In disapproving Plaintiff's Rifle/Shotgun License application, the License Division relied on, implemented and/or enforced NYC Admin. Code 10-303(a)(2). Taveras Dec. at ¶43 and Exhs. 2, 3.

69. In disapproving Plaintiff's Rifle/Shotgun License application, the License Division relied on, implemented and/or enforced NYC Admin. Code 10-303(a)(9). Taveras Dec. at ¶43 and Exhs. 2, 3.

70. The License Division's denial of Plaintiff's Rifle/Shotgun License application has caused the deprivation of Plaintiff's ability to exercise the rights protected by the Second and Fourteenth Amendments. Taveras Dec. at ¶43 and Exhs. 2, 3.

71. Plaintiff has suffered, *inter alia*, actual harm as a result of the City's conduct. See, Taveras Dec. generally and, e.g. ¶¶10, 11, 34, 44.

Dated: August 18, 2023
      Scarsdale, New York

                              THE BELLANTONI LAW FIRM, PLLC
                              *Attorneys for Plaintiff, Alan Taveras*

                              _____/s/_____
                              Amy L. Bellantoni (AB3061)
                              2 Overhill Road, Suite 400
                              Scarsdale, New York 10583
                              abell@bellantoni-law.com