

August 29, 2023

**VIA ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Taveras v. City of New York*, 20 Civ. 1200 (AS)

Your Honor:

    I am counsel for the plaintiff, Alan Taveras, in the above-referenced matter. I write jointly with counsel for the defendant pursuant to your Order dated August 15, 2023, directing the parties to file a joint status letter.

    Amy Bellantoni, Esq. represents the plaintiff, and Kerri Devine, Esq., on behalf of the New York City Law Department, represents the defendant. Both attorneys serve as Lead Trial Counsel and their contact information is as reflected on the docket.

    The plaintiff claims that his Second Amendment rights were violated when the New York City Police Department ("NYPD") denied his application for a rifle/shotgun license. The denial was based upon the fact plaintiff had been arrested 7 years earlier and an order of protection had been issued against him, premised on allegations of domestic violence. The charges against the plaintiff were dismissed and sealed by the court.

    Pursuant to the decision issued by Honorable Katherine Polk Failla on April 20, 2023, all claims were dismissed except for the plaintiff's claims for compensatory damages for violations of his Second and Fourteenth Amendment rights under the sections of law and rules upon which the denial was based, i.e, subsections (a)(2) and (a)(9) of New York City Administrative Code § 10-303 and subsections (f) and (g) of Title 38, § 3-03 of the Rules of the City of New York, and only as to defendant New York City. The defendant asserts that that the plaintiff's Second Amendment rights were not violated because the NYPD's denial of his rifle/shotgun application was properly based on the order of protection, arrest and allegations of domestic violence.

    Jurisdiction lies with this Court because the matter involves a question of federal law.

- 2 -

      Plaintiff moved for summary judgment on liability only and served its motion on August 18, 2023. Defendant's cross-motion for summary judgment and opposition to plaintiff's motion for summary judgment is due on September 29, 2023.  Plaintiff's opposition to defendant's cross-motion for summary judgment and reply in further support of his motion for summary judgment is due October 20, 2023.  Defendant's reply in further support of its motion is due November 16, 2023. The parties agreed to delay resolution of plaintiff's claims for damages until after the Court decides the issue of liability.

      Plaintiff declined to engage in discussions about settling the matter for a monetary amount.

      The parties do not wish to hire a privately retained mediator or engage in alternative dispute resolution. The defendant is open to a settlement conference before the Magistrate Judge or pursuing discussions through the District's Mediation Program. The plaintiff does not believe that a settlement conference would be fruitful.

      As there are no genuine issues of material fact to be decided, the parties anticipate that a hearing on damages would take less than one day.

Respectfully submitted,

*Amy L. Bellantoni*
Amy L. Bellantoni