

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**Kerri A. Devine, Senior Counsel**
**Administrative Law and Regulatory Litigation Division**
**(212) 356-2214**
**kdevine@law.nyc.gov**

September 15, 2023

**BY ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
New York, New York 10007

   Re: <u>Taveras v. New York City</u>, 20 CV 01200 (AS)

Dear Judge Subramanian:

  I am an attorney in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and counsel for the Defendant in the above-referenced action. I write to request that the Court stay this case in light of the United States Supreme Court's decision to grant certiorari in <u>United States of America v. Rahimi, Zackey</u>, No. 22-915.[1] Plaintiff does not consent to a stay.

  The Supreme Court's decision in <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022), established a constitutional right to carry a firearm in public for purposes of self-defense, <u>see</u> <u>Bruen</u>, 142 S. Ct. at 2156, and, equally significantly, rejected the two-part means-end scrutiny applied by many of the federal circuits to Second Amendment challenges in favor of a "test rooted in the Second Amendment's text, as informed by history." <u>Id.</u> at 2127. The application of this new, challenging test has led to inconsistent decisions and a wave of new litigation seeking to invalidate longstanding laws. For example, earlier this year, the United States Court of Appeals for the Fifth Circuit held that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders, violates the Second Amendment on its face. <u>See</u> <u>United States v. Rahimi</u>, 61 F.4th 443 (5th Cir. 2023), <u>cert. granted</u>, 143 S. Ct. 2688 (June 30, 2023). The Court so held because the historical analogies offered by the Federal Government – laws disarming people considered to be dangerous – were not "relevantly similar" to 18 U.S.C. § 922(g)(8). <u>See id.</u> at 461.

---

[1] Oral argument on this matter is set for November 7, 2022.

In this case, Plaintiff claims that his Second Amendment rights were violated by the New York City Police Department's ("NYPD") License Division's denial of his application for a Rifle/Shotgun permit. See Third Amended Complaint ("TAC") at ¶¶ 60, 61, 67-69. Plaintiff's application was denied pursuant to New York City Administrative Code ("Admin. Code") §§ 10-303(a)(2) and (9) and Rules of the City of New York ("RCNY") §§ 3-03(f) and (g)[2] based on circumstances surrounding two domestic violence incidents, one of which led to an arrest and the issuance of an order of protection, and the other being a violation of the order of protection. See TAC at Exhibits 1 and 2. The NYPD License Division concluded that the arrest and domestic violence incidents "raise safety concerns for [Plaintiff] and others." Id.

In Bruen, notably, the Supreme Court did not disturb the requirement to obtain a license in order to possess guns, and endorsed the licensing regimes of 43 states. See Bruen, 142 S. Ct at 2123 n.1, 2138 n.9. Nor did Bruen decide "who may lawfully possess a firearm…." Id. at 2157 (Alito, J., concurring). The Supreme Court did, however, emphasize that the rights to possess a firearm belonged only to responsible, law-abiding citizens. Bruen did not define "law-abiding" or describe the circumstances that would render an individual non-law-abiding. Nor did the Court explain how to harmonize the concept of a "law-abiding" citizen with the Bruen test. These questions, as well as whether the Second Amendment permits the disarming of individuals based on domestic violence incidents/protective orders, are likely to be addressed by the Supreme Court in Rahimi, and thus likely instructive of several issues raised herein.[3]

The Supreme Court has stated that, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, five factors are generally considered by courts in the Second Circuit: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citations omitted). Balancing these factors, Defendant's request for a stay is warranted.

As to the first factor, there is no prejudice to Plaintiff. Pursuant to the current briefing schedule, summary judgment motions will not be fully briefed until November 16, 2023 (Dkt. 61). Moreover, the License Division ultimately issued a Rifle/Shotgun permit to Plaintiff so a stay would not delay the issuance of a permit. See Declaration of Nicole Berkovich dated January 26, 2023 (Dkt. 53). In contrast, Rahimi is fully briefed, an oral argument date is set, and a decision will likely be issued before the Supreme Court concludes its term at the end of June 2024. Thus, a stay herein would be neither "indefinite nor immoderate." Estate of Heiser v. Deutsche Bank Trust Co. Ams., No. 11-1608, 2012 U.S. Dist. LEXIS 150265, at *13 (S.D.N.Y.

---

[2] The NYPD's rules relating to Rifle/Shotgun Permits are codified in Title 38, Chapter 3 of the Rules of the City of New York. Handgun licenses are regulated by Chapter 5 of Title 38 of the Rules of the City of New York.

2

Oct. 12, 2012).  Additionally, a decision in Rahimi may assist Plaintiff as it will provide this Court "with guidance as to the quality, nature, and validity of [his] claims."  In re MPM Silicones, L.L.C., No. 15-2280, 2017 U.S. Dist. LEXIS 162681, at *7 (S.D.N.Y. Oct. 2, 2017).

The expectation that Rahimi will provide guidance on at least some of the issues in this case also weighs in favor of the second factor.  A stay will obviate potentially duplicative motion practice and/or the need for supplemental briefing once Rahimi is decided.  The City of New York undoubtedly has an important interest in defending its rifle/shotgun regulations and would clearly benefit from the Supreme Court's most recent Second Amendment decision.  Moreover, the issues presented herein are not unique to this case.  Challenges to many of the same NYPD rules are pending in other cases in the district courts of the Second Circuit.  See Joseph Garofalo v. New York City, et al., 22 CV 7620 (NM)(VMS) Petition/Complaint (Dkt. 1-1) at ¶¶ 3, 5, 78 and "WHEREFORE" clause; Srour v. New York City, 22-00003 (JPC), Complaint (Dkt. 1) ¶¶ 157, 165-166, Prayer for Relief (also commenced by Plaintiff's counsel).

The remaining factors may be considered together because a court's interest in the conservation of judicial resources also promotes the interests of non-parties and the general public.  See; Loftus v. Signpost Inc., 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020).  One situation in which courts have exercised their staying power is "when a higher court is close to settling an important issue of law bearing on the action."  Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012); see also Lasala v. Needham & Co., 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005).  A stay under these circumstances may be proper even where the decision by the higher court is "not necessarily controlling of the action before the court."  In re Literary Works in Elec. Databases Copyright Litig., No. M-21-90, 2001 U.S. Dist. LEXIS 2047, at 85-86 (S.D.N.Y. Mar. 1, 2001); see also Loftus, 464 F. Supp. 3d at 527.  Moreover, when the higher court is the United States Supreme Court, district courts in the Second Circuit customarily postpone final disposition pending a decision by the Supreme Court.  See Sikhs, 893 F. Supp. 2d at 622; Jugmohan v. Zolan, No. 98-1509, 2000 U.S. Dist. LEXIS 1910, at *13 (S.D.N.Y. Feb. 25, 2000); Loftus, 464 F. Supp. 3d at 527; In re Literary Works in Elec. Databases Copyright Litig., 2001 U.S. Dist. LEXIS 2047, at *7-9; Consumer Fin. Prot. Bureau v. Credit Acceptance Corp., No. 23-00038, 2023 U.S. Dist. LEXIS 137992 (S.D.N.Y. Aug. 7, 2023); Gonzalez de Fuente, 2020 U.S. Dist. LEXIS 25592, at *10.

The rationale for a stay herein is even more compelling in light of the fact that the Supreme Court has historically interpreted the Second Amendment on a sparing basis.  It was nearly seven decades between United States v. Miller, 307 U.S. 174 (1939), and the Court's next Second Amendment decision in District of Columbia v. Heller, 554 U.S. 570 (2008).  Likewise, before Bruen, the Supreme Court's most recent Second Amendment decision was issued twelve years ago in McDonald v. City of Chicago, 561 U.S. 742 (2010).  The decision to grant certiorari to hear yet another Second Amendment case a little over one year after Bruen was decided is telling and one can expect that it will result in further direction to the lower federal courts.

Plaintiff's challenge to the constitutionality of several of the rules and laws at issue herein implicate the "law-abiding citizen" phrase invoked by the Supreme Court in Bruen, the power of the government to prohibit dangerous, untrustworthy, or unvirtuous persons from possessing arms, and whether there are "relevantly similar" historical analogues for modern laws disarming those accused of domestic violence.  It appears likely that Rahimi will address some, if not all, of these topics, and will thus provide guidance to both this Court and the litigants.

   For all these reasons, a stay of this litigation is warranted until the Supreme Court issues a decision in Rahimi.

               Respectfully submitted,

                 /s/
               Kerri A. Devine

**Plaintiff should file any opposition to Defendants' request to stay no later than September 20, 2023. Plaintiff should specifically address whether, in his view, *Rahimi* is pertinent to the issues raised in this case.**

**SO ORDERED.**

**Arun Subramanian, U.S.D.J.**
**Date: September 18, 2023**

4