UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN TAVERAS,

                Plaintiff,

-against-

CITY OF NEW YORK,

                Defendant.

20-cv-1200 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff Alan Taveras sued New York City under 42 U.S.C. § 1983, alleging violations of his Second Amendment rights. Amy L. Bellantoni of the Bellantoni Law Firm, PLLC represented Taveras. Bellantoni now brings this fees motion under 42 U.S.C. § 1988. Bellantoni seeks payment for 142.4 hours billed at a rate of $650 per hour and $2,759.59 in costs for a total of $95,319.59. The city does not dispute that fees and costs are warranted. Instead, the city claims that Bellantoni should be awarded $29,823.75 based on various deductions. The Court addresses each of the city's objections below and awards $60,729.59.[1]

      First, the city says that an across-the-board deduction of at least 50% is warranted because Taveras had only "limited success" in this litigation. Dkt. 86 at 7. The Court finds that such a deduction is not appropriate. While this case did not result in the invalidation of any New York law, Bellantoni received substantial relief for her client—namely, a $10,001 offer of judgment and a firearm license. Moreover, the broader injunctive relief that Bellantoni did not achieve in this case "involve[d] a common core of facts or [were] based on related legal theories," so "attorney's fees may be awarded for work done on unsuccessful claims as well as successful ones." *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (alteration adopted) (quoting *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004)).

      Second, the city argues that Bellantoni should not be awarded fees for the hours spent on the administrative appeal related to Taveras's application denial. "Where related administrative proceedings precede litigation involving one of the civil rights claims covered by section 1988, however, the court 'may still award attorney's fees for time spent on the discrete portion of the work product from the administrative proceedings that was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement.'" *Raja*, 43 F.4th at 92 (alteration adopted) (quoting *N.C. Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15 (1986)). In her reply brief, Bellantoni reduces her request to 1.35 hours for time

---

[1] The standard governing motions for fees under 42 U.S.C. § 1988 is well established in this District so will not be recited here. *See Lilly v. City of New York*, 934 F.3d 222, 232–33 (2d Cir. 2019); *Rosario v. City of New York,* 2023 WL 2908655, at *3 (S.D.N.Y. Jan. 27, 2023).

spent related to the administrative appeal that was also "in furtherance of an anticipated § 1983 lawsuit, not in furtherance of an administrative proceeding." Dkt. 88 at 5. The Court accepts Bellantoni's reductions because her billing records reflect that the remaining 1.35 hours were related to the federal litigation. *See, e.g.*, Dkt. 80-6 at 3 (0.2 hours spent on "Review and analysis of denial of R/S appeal in context of pursuit of federal lawsuit").

Third, the city argues that Bellantoni should not be entitled to fees for clerical or paralegal work. The Court finds that some compensation is appropriate, albeit applying a reduced hourly rate. *See Lilly*, 934 F.3d at 234 ("[D]istrict courts have the legal authority and discretion to … reduce an attorney's hourly rate for time spent on clerical tasks[.]"). In her reply brief, Bellantoni agrees that a reduced hourly rate of $150 should be applied to the 1.45 hours of clerical tasks. Dkt. 88 at 6. The Court will reduce the hourly rate further to $100 for these tasks because the "prevailing hourly rate for non-attorney staff, including law clerks, paralegals, and clerical staff, is $100 in this District." *Ramirez v. Marriott Int'l*, 2023 WL 2447398, at *5 (S.D.N.Y. Mar. 10, 2023). So the Court finds that a $100 hourly rate best reflects what a "paying client would be willing to pay" for the 1.45 hours at issue. *Lilly*, 934 F.3d at 234.

Fourth, the city objects to 2.2 hours of entries that cover reviewing emails and reviewing court notifications. Bellantoni has voluntarily withdrawn the 0.4 hours related to reviewing court notifications, so the Court will apply this 0.4-hour reduction. The Court does not find any additional reduction warranted for the remaining entries related to Bellantoni's review of her emails. Each entry represents a modest amount of time spent (6 minutes each) on a necessary task, and the Court has no reason to believe these entries unduly inflate Bellantoni's bills since they account for less than 2 hours over several years of litigation.

Fifth, the city argues that Bellantoni should not be awarded fees for 5.5 hours related to preparing a motion for preliminary injunction that was never filed. Bellantoni consents to this reduction. *See* Dkt. 88 at 6 n.5. The Court will therefore reduce Bellantoni's hours accordingly.

Sixth, the city argues that "[a]ny fee award for travel should be based on half of the awarded hourly rate." Dkt. 86 at 11. Bellantoni consents to this deduction. Dkt. 88 at 7. So the Court will award Bellantoni fees at a rate of 50% of her hourly rate for the 6.1 hours spent traveling.

Seventh, the city argues that Bellantoni's requested hourly rate of $650 is too high. In response, Bellantoni voluntarily reduces her requested hourly rate to $575. In 2019, Bellantoni was awarded fees at a rate of $400 per hour in another civil-rights case based on her level of experience. *Cocuzza v. Rockland County*, 2019 WL 6498915, at *5 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted*, 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019). Bellantoni argues that a higher hourly rate is appropriate because the facial challenge involved in this litigation was particularly complex. Dkt. 88 at 8–9. But this case did not result in a finding that any law was facially invalid. After considering the opinion in *Cocuzza*, the additional experience Bellantoni has gained since 2019, and the prevailing hourly rate for civil-rights attorneys in the Southern District of New York, the Court finds $450 to be an appropriate hourly rate.

Finally, the Court rejects Bellantoni's request for fees for the hours spent on her fees motion, *i.e.*, fees on fees. Bellantoni's opening brief did not include a request for fees on fees. *See* Dkt. 81 at 13 (requesting $92,560 for the 142.4 hours of time spent "in this litigation prior to the drafting [of] this motion for attorney's fees"). But in her reply brief, Bellantoni describes her "initial tally" as being for 151.9 hours (9.5 hours of which relate to this motion according to her billing records) and requests payment for an additional 11.2 hours for time spent working on the fees motion. The Court finds any fees-on-fees request unwarranted because the Rule 68 offer of judgment in this case was for $10,001 "exclusive of attorneys' fees, expenses, and costs *to the date of this offer*." Dkt. 75 at 1 (emphasis added). The Second Circuit has explained that "when a settlement cuts off a plaintiff's entitlement to attorney's fees on a specific date, a district court may not award a party attorney's fees for work incurred after that cut-off date. This includes fees for work performed preparing a fee application submitted to the district court in the event the parties are unable to agree on the attorney's fees to be awarded despite a good faith effort to negotiate." *Lilly*, 934 F.3d at 237; *id.* at 226, 236 (reversing district court's award of fees on fees when the Rule 68 offer of judgment contemplated payment of fees "to the date of this offer"). So the Court will consider only Bellantoni's initial request for 142.4 hours, with the adjustments indicated above.

In sum, the Court awards Bellantoni 125.45 hours at a rate of $450 ($56,452.50), 1.45 hours at a rate of $100 ($145), 6.1 hours at a rate of $225 ($1,372.50), and $2,759.59 in costs (which the city did not object to) for a total of **$60,729.59**.

The Clerk of Court is directed to terminate Dkt. 79.

SO ORDERED.

Dated: February 23, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge